**CT Corporation**

**Service of Process Transmittal**
09/09/2015
CT Log Number 527787235

**TO:**   David Z Carman
ConsumerAffairs.com Holding, LLC
1131 E 20th St
Tulsa, OK 74120-7424

**RE:**   **Process Served in Nevada**

**FOR:**   ConsumerAffairs.com.Inc.  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Consumer Cellular, Incorporated, etc., Pltf. vs. Consumeraffairs.Com, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service, Complaint |
| **COURT/AGENCY:** | Multnomah County Circuit Court, OR<br>Case # 15CV22066 |
| **NATURE OF ACTION:** | Unlawful Trade Practices - Intentional Interference with Prospective Economic Relations - Defamation, Plaintiff alleges Defendants have made and continue to make false and defamatory representations regarding Plaintiff |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/09/2015 at 11:30 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of service of this Summons upon you |
| **ATTORNEY(S) / SENDER(S):** | Thomas R. Rask, III<br>Kell, Alterman & Runstein, L.L.P.<br>520 SW Yamhill, Suite 600<br>Portland, OR 97204<br>503-222-3531 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 781303524023<br><br>Email Notification,  David Z Carman  zac@consumeraffairs.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Trust Company of Nevada<br>701 S Carson St.<br>Suite 200<br>Carson City, NV 89701-5239 |
| **TELEPHONE:** | 314-863-5545 |

Page 1 of  1 / SW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| CONSUMER CELLULAR, INCORPORATED, an Oregon corporation,<br><br>                                  Plaintiff,<br><br>          v.<br><br>CONSUMERAFFAIRS.COM, INC., a Nevada corporation;<br>CONSUMERS UNIFIED, LLC, a Nevada limited liability<br>company; and DAVID ZACHARY CARMAN,<br><br>                                  Defendants. | Case No. 15CV22066<br><br>**SUMMONS** |

TO:     ConsumerAffairs.Com, Defendant
        c/o The Corporation Trust Company of Nevada, Registered Agent
        701 S. Carson St., Suite 200, Carson City, NV  89701

        You are hereby required to appear and defend the Complaint filed against you in the above-entitled cause within thirty (30) days from the date of service of this Summons upon you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the Court for the relief demanded in the Complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

        You must "appear" in this case or the other side will auto-matically. To "appear" you must file with the Court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court administrator within thirty (30) days along with the required filing fee. It must be in proper form and have proof of service on the Plaintiff's attorney or, if the Plaintiff does not have an attorney, proof of service upon the Plaintiff.

        If you have any questions, you should see an attorney imme-diately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636, or at http://www.osbar.org/public/ris/ris.html#referral.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

| | |
|---|---|
| Thomas R. Rask, III | 934031 |
| ATTORNEY'S/AUTHOR'S NAME | BAR NO. (IF ANY) |
| 520 SW Yamhill St., Suite 600 | |
| ADDRESS | |

| | | | |
|---|---|---|---|
| Portland | OR | 97204-1329 | (503) 222-3531 |
| CITY | STATE | ZIP | PHONE |

TRIAL ATTORNEY IF OTHER THAN ABOVE                            BAR NO.

STATE OF OREGON, County of Multnomah ) ss:

        I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original Summons in the above-entitled action.

ATTORNEY OF RECORD FOR PLAINTIFF

        TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:  You are hereby directed to serve a true copy of this Summons, together with a true copy of the Complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this Summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY OF RECORD FOR PLAINTIFF

SUMMONS

KELL, ALTERMAN & RUNSTEIN, L.L.P.<br>ATTORNEYS AT LAW<br>520 SW Yamhill, Suite 600<br>Portland, OR 97204<br>Telephone (503) 222-3531

Exhibit 2, p. 2 of 31

## PROOF OF SERVICE

STATE OF _____, County of _____) ss.

I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of the summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:

### Personal Service Upon Individual(s)

Upon _____, by delivering such true copy to
_____, personally and in person,
at _____, on _____, at _____ o'clock ____.M.

Upon _____, by delivering such true copy to
_____, personally and in person,
at _____, on _____, at _____ o'clock ____.M.

### Substituted Service Upon Individual(s)*

Upon _____, by delivering such true copy at his/her dwelling house
or usual place of abode, to-wit: _____,
to _____, who is a person 14 years
of age or older and a member of the household of the person served on _____, at _____ o'clock ____.M.

Upon _____, by delivering such true copy at his/her dwelling house
or usual place of abode, to-wit: _____,
to _____, who is a person 14 years
of age or older and a member of the household of the person served on _____, at _____ o'clock ____.M.

### Office Service Upon Individual(s)*

Upon _____, at the office which he/she maintains for the conduct of
business at _____,
by leaving such true copy with _____, the person who
is apparently in charge, on _____, during normal working hours, at _____ o'clock, ____.M.

### Mail Service Upon Individual(s)**

Upon _____, by mailing such true copies to him/her by first class
mail and ALSO by (check one): ☐ certified or registered mail with return receipt requested ☐ express mail.

### Service Upon Tenant(s) of a Mail Agent***

Upon _____, by delivering such true copy to
_____, a person apparently in charge of _____,
which is the place where the mail agent receives mail for the tenant(s), its address being _____,
on _____, at _____ o'clock, ____.M. Prior to effecting such service, I made diligent inquiry but could not find
the tenant(s) so served.

### Service on Corporations, Limited Partnerships or Unincorporated Associations Subject to Suit Under a Common Name

Upon _____, by
(NAME OF CORPORATION, LIMITED PARTNERSHIP, ETC.)

(a) delivering such true copy, personally and in person, to _____ who is a/the
_____ (Specify registered agent, officer (by title), director, general partner, managing agent, etc.) thereof; OR

(b) leaving such true copy with _____, the person who is apparently in charge of the
office of _____, who is a/the _____
(Specify registered agent, officer (by title) director, general partner, managing agent, etc.) thereof;

at _____, on _____, at _____ o'clock ____.M.

Dated _____

_____
Sheriff

By _____
Deputy

I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.

Dated _____

_____
SIGNATURE

_____
TYPE OR PRINT NAME

_____
ADDRESS

_____
CITY          STATE          ZIP          PHONE

The signature lines on the left should be used only by an Oregon county sheriff or deputy. All other servers should complete the certification on the right. The Proof of Service above contains most, but not all, of the permissible methods of service. For example, this form does not include proof of service upon a minor or incompetent person. See ORCP 7 D for permissible service methods with respect to particular parties.

*Where substituted or office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed, by first class mail, a true copy of the summons and the complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time and place at which such service was made. Use S-N Form No. 1149, Notice of Substituted or Office Service, or the equivalent.

**Service by mail may be made when required or allowed by ORCP 7 or by statute, except as otherwise permitted. If the summons and complaint are mailed, this certification may be made either by the person completing the mailing or by the attorney for any party, stating the circumstances of mailing and including the return receipt as an attachment. An attorney completing the mailing should delete ", nor attorney for" from the last paragraph of this document. Failure to serve a summons in accordance with ORCP 7 and other applicable rules and statutes may affect or nullify the validity of such service.

***Where service upon a tenant of a mail agent is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed, by first class mail, true copies of the summons and the complaint to the defendant(s) at the address at which the mail agent receives mail for the defendant(s) and to any other mailing address of the defendant(s) then known to the plaintiff, together with a statement of the date, time, and place at which delivery was made.

Exhibit 2, p. 3 of 31

CERTIFIED TO BE A TRUE COPY

BY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

CONSUMER CELLULAR, INCORPORATED,
an Oregon corporation,

        Plaintiff,

    v.

CONSUMERAFFAIRS.COM, INC., a Nevada
corporation; CONSUMERS UNIFIED, LLC, a
Nevada limited liability company; and
DAVID ZACHARY CARMAN,

        Defendants.

Case No. _____

**COMPLAINT**
(Oregon Unlawful Trade Practices;
Intentional Interference with Prospective
Economic Relations; Federal RICO; and
Defamation)

Demand for Jury Trial

NOT SUBJECT TO MANDATORY
ARBITRATION

Amount of Prayer: Exceeds $5,230,072
Fee Authority: ORS 21.160(1)(d);
ORS 646.638(3); and 18 U.S.C. § 1964(c)

Plaintiff alleges:

PRELIMINARY STATEMENT

1.

    Plaintiff has been and continues to be damaged and harmed in its business and property

by the Defendants' concerted scheme of deceptive exclusion of positive reviews from posting

and/or overall star ratings on the "ConumerAffairs.com" internet product review website related

to Defendants, intentionally deceptive discriminatory treatment of posted reviews and ratings

solely based on if fees have been paid, and publication of deceptively biased content about

internet reviews and complaints pertaining to Plaintiff on the review page of

ConsumerAffairs.com and to consumer internet search results about or which take migrate to

Plaintiff. The purpose of this deceptive conduct is to negatively portray Plaintiff to potential and

Page 1 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

1    existing customers for the purpose of harming Plaintiff to coerce Plaintiff and other brands to

2    pay large sums of money for membership and monthly fees for Defendants to repair the harm

3    they have done and to radically transform ratings reviews and image on ConsumerAffairs.com

4    (something already done for one paying competitor of Plaintiff to Plaintiff's disadvantage).  The

5    claims herein are all based on extortionate actions by the Defendants and deceptive material

6    ratings and review related content devised and manipulated by Defendants, not the content of

7    specific review postings by individual reviewers on ConsumerAffairs.com.  At all material times

8    described herein, Plaintiff's officers and employees who engaged in discussions with the

9    Defendants were located in Oregon.

10                                    PARTIES

11                                       2.

12           Founded in 1995 by two Oregonians, Plaintiff Consumer Cellular, Incorporated

13    (Consumer Cellular), is an Oregon corporation headquartered in Oregon.  Consumer Cellular is a

14    mobile virtual network operator which uses AT&T Wireless and T-Mobile cellular networks to

15    provide cellphone service to nearly two million customers throughout the United States.

16    Consumer Cellular created a business model featuring no-contract, affordable pricing and a focus

17    on people over 50.  Consumer Cellular partnered with AARP beginning in 2009 to offer wireless

18    service to the nearly 40 million AARP members throughout the country.  This partnership began

19    after an extensive AARP review of Consumer Cellular business practices as well as ongoing

20    scrutiny to ensure that Consumer Cellular meets that high standard required by AARP as a well-

21    respected consumer advocate for all people 50 and over.  Consumer Cellular partners with many

22    device manufacturers including Apple, Motorola, LG, Huawei and is the exclusive

23    U.S. distributor for Doro, an award-winning Swedish manufacturer who specializes in the

24    production of senior-specific mobile products.  Consumer Cellular sells its phone service product

25    options on the internet, by phone, and in Sears and Target retail stores.  Consumer Cellular

26

Page 2 – COMPLAINT

00154020

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Exhibit 2, p. 5 of 31

1   employees a service team in Oregon and Arizona of nearly 1,500 employees and has been

2   honored with the following awards:

3   - Consumer Reports #1 reader-rated cell phone provider annually since 2011
4   - Nielson highest overall satisfaction rating of all wireless carriers in 2014 and 2015
5   - PC Magazine #1 rated mobile carrier in 2014 and 2015
    - Inc. 5000 Fastest Growing Companies annually since 2009
6   - Portland Business Journal Fastest Growing 100 Private Companies since 2010
7   - Best Places to Work in Oregon annually since 2011
    - Best Places to Work in Arizona 2015
8   - Oregon Business Magazine's 100 Best Green Companies 2011 – 2014.

9                                    3.

10          ConsumerAffairs.com, Incorporated (ConsumerAffairs) is a Nevada corporation.

11   Consumers Unified, LLC (Consumers Unified) is a Nevada limited liability company.

12   David Zachary Carman (Carman) is an individual who is the sole Manager of Consumers

13   Unified and the President, sole Director, Secretary and Treasurer of ConsumerAffairs.  The

14   ConsumerAffairs business was originated by James Hood, a former journalist, in 1998.  On

15   information and belief, it was acquired by Carman in 2010.  ConsumerAffairs purports to be an

16   independent, trustworthy Web-based consumer news and resource center, which includes

17   consumer news and recall information and hosts consumer review pages on numerous product

18   brands, including Consumer Cellular.  On public news information and belief, Carman

19   established a new business model when he acquired the business, designed to try to convince

20   brands included in its review pages to pay lucrative fees to become accredited members entitled

21   to exclusive ConsumerAffairs ratings-related treatment and ratings image transformation

22   services.  Consumers Unified participates in those services which are listed in detail below and is

23   the entity Carman uses to contract with and provide rating-related services to businesses which

24   pay to become accredited members of ConsumerAffairs.com.

25   / / /

26   / / /

Page 3 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

Exhibit 2, p. 6 of 31

GENERAL ALLEGATIONS

4.

ConsumerAffairs not only hosts Web-based product or brand reviews, but it also publishes its own version of an "Overall Satisfaction Rating" based on an unspecified subset of star-rated reviews selected by ConsumerAffairs and a summary of star ratings 1-5 included in that subset. ConsumerAffairs also creates intentionally nuanced descriptions, designed to differentially influence and manipulate internet consumers. The heading on ConsumerAffairs.com internet review pages of paying members is "Reviews and Complaints" in contrast to "Complaints and Reviews" for non-paying members. A similar and even more misleading turn of phrase appears in search engine results listings when consumers do internet searches containing a brand name or for reviews of a brand name listed in the ConsumerAffairs review pages. If a brand has not paid to be an accredited member, the search engine result listing specifies "Top [number] Complaints and Reviews about [brand name]." If the brand has paid to be an accredited member, the search engine result listing specifies "Top [number] Reviews and Complaints about [brand name]." In each instance, an overall star rating is also depicted in the search engine listing. Additionally, ConsumerAffairs uses a deceptive biased and discriminatory practice when posting reviews and determining which will be included in the star ratings that is solely based on if a company has agreed to pay a monthly fee. Companies who agree to this fee can have reviewers update a star rating, have a star rating removed and the review text lined out if the consumer does not respond or the matter is addressed privately, or have a star rating removed and the review text lined out by claiming that the complaint is not factual. None of these options are available to companies who do not pay lucrative setup and monthly fees. ConsumerAffairs also actively solicits and posts numerous positive reviews for paying members. Only review pages of non-paying members contain a superimposed screen prompt on every page saying "Not Impressed With [brand]? Find a company you can trust." A link is then provided to "Compare Top Alternatives" which is connected to a page featuring a paying member at the top.

Page 4 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

Exhibit 2, p. 7 of 31

1    None of these things are readily ascertainable by online consumers looking for reviews without

2    combing fine print scattered about other parts of a website and who are led to believe that

3    ConsumerAffairs.com is an independent and trustworthy review site that can help them make an

4    informed decision from reviews.  Beyond these practices, as set forth below there is substantial

5    evidence that ConsumerAffairs has also intentionally not posted and removed legitimate positive

6    reviews to specifically lower the total star rating and damage Consumer Cellular and other

7    nonpaying companies to coerce brands including Consumer Cellular to become lucrative fee-

8    paying members.

9                                             5.

10        At all material times, Defendants benefitted and/or intended to benefit from the activities

11   of ConsumerAffairs Sales Account Executive Andrew Polacek and other relevant employees of

12   ConsumerAffairs known to Defendants in carrying out the scheme alleged herein.  On August

13   19, 2014, Polacek began a series of "cold call" email solicitations to Consumer Cellular's

14   marketing executive Brian Hepner with a subject line of "Consumer Cellular's Page on

15   ConsumerAffairs – 14,000+ Unique Views in the last 30 days."  The body of the August 10

16   email said:

17              My name is Andy Polacek and I am reaching out from
            ConsumerAffairs regarding Consumer Cellular's page on our site.
18              The page ranks #2 in organic search for 'consumer cellular
            reviews' and saw over 14,000 unique views in the last 30 days.
19              The page currently has 149 reviews and complaints that have not
            been addressed by the brand. The brand is currently being defined
20              on the page by detractors in a highly visible way in organic
            search.  Google autofills when one types in "consumer cellular
21              reviews", telling us that prospective customers are looking for
            reviews on the brand before they buy.  ConsumerAffairs is a 3rd
22              party review site that partners with brands to 1) help them paint the
            full picture of customer experience in organic search by collecting
23              reviews; 2) retain and regain customers by utilizing our backend;
            and 3) generate leads utilizing our high ranking brand pages in
24              organic search. If you are interested in turning the page positive
            and transforming it into a positive branding message, a way to
25              retain customers and generate new leads, I'd be happy to schedule
            a short 30 minute demo call to show you via screenshare how
26              ConsumerAffairs partners with brands.

Page 5 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

Exhibit 2, p. 8 of 31

1    A computer screenshot was attached showing a computer page with data for the month tracked

2    by ConsumerAffairs on various types of potential customer views of the ConsumerAffairs

3    reviews page on Consumer Cellular.

4                                                        6.

5         Not having received a response, Polacek again sent further "cold call" emails to Hepner

6    on September 2, and September 9, 2014, saying he was following up, asking about availability to

7    talk, and commenting on September 2 that "I'd imagine that with this large number of page views

8    that this would be something that Consumer Cellular would be interested in learning more

9    about?"  On September 12, 2014 Consumer Cellular's Dominic Artero exchanged

10   correspondence with Polacek to schedule a telephone call on September 16, 2014.

11                                                       7.

12        During that call Polacek went through demonstration  materials and discussed among

13   other things how brands like Consumer Cellular can partner with ConsumerAffairs to transform

14   the negative sales impact of a bad ConsumerAffairs.com overall star distribution rating into a

15   positive (4 or 5 stars) overall rating by paying for (1) ConsumerAffairs to erase or raise negative

16   star ratings from posted reviews through methods of challenging or resolving reviews, and

17   (2) ConsumerAffairs' to actively solicit and post positive reviews to fill the ConsumerAffairs

18   reviews pages for Consumer Cellular with positive star ratings.  The result would be that a

19   positive 4 or 5 star rating could appear on internet searches for "Consumer Cellular" and

20   "Consumer Cellular reviews."

21                                                       8.

22        After that call, on October 7, 2014 Polacek emailed Artero an updated computer data

23   screenshot showing that unique views traffic was "continuing too trend upward" on the

24   ComsumerAffairs review page on Consumer Cellular, having increased to 18,200+ unique views

25   over the previous 30 days.

26   / / /

Page 6 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

9.

On October 10, Polacek emailed Artero a PowerPoint presentation customized for Consumer Cellular. In that email Polacek turned up the pressure, stating:

> We did not include this in the presentation, but I believe you may want to highlight that with almost 18,000 uniques in 30 days (basically a month) at even a low conversion rate (and typically our brands, especially larger and better known brands like Consumer Cellular, convert at higher rates than on other sites as folks looking for reviews tend to be in the buying funnel) even a 2% conversion is going to be 360 leads, with even as small as 10% converting to sales and assuming that a customer is worth $200 each to Consumer Cellular (what I believe to be a potentially conservative estimate), we are talking $7,200 a month in customer lifetime revenue. Our conversion rates of leads and sales are typically much higher than that once we've turned the pages around to being net positive (more like 10% and 20%, respectively). I am sure you see the point .... there is potential here for this partnership to not only pay for itself but to turn this into a net profit engine for Consumer Cellular ... especially important as your brand profile with the Target rollout is about to increase significantly.

The PowerPoint presentation, among other things, included the following primary components. 87% of consumers research a company online before buying. 88% of consumers trust reviews. Computer screenshots were included showing that in Google searches for "Consumer Cellular" and "Consumer Cellular Reviews," the ConsumerAffairs listing of "Top 183 Complaints and Reviews about Consumer Cellular" depicting 2 red stars as an "Overall Distribution Rating" popped up third and fourth respectively in the Google listings. The high profile negative star rating was impacting Consumer Cellular. For fees of $15,000 for "setup" and $5,000 a month, with a minimal Consumer Cellular staff time involvement, the transformation described earlier of the Consumer Cellular negative star distribution rating into a financially rewarding strong positive rating could be done. A mock example of an "Overall Distribution Rating" for Consumer Cellular of 4 green stars and several mock 4 and 5-star reviews that could be created were included.

Page 7 – COMPLAINT

00154020

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW Yamhill, Suite 600
Portland, OR 97204
Telephone (503) 222-3531
Facsimile (503) 227-2980

Exhibit 2, p. 10 of 31

10.

In the course of these and some other communications with Polacek, the Consumer Cellular marketing department, feeling as if they had no choice, asked for materials necessary to go forward. They felt like they had no choice because of the negative posted review history, the impact of the lack of positive reviews and the bad overall star rating, and because ConsumerAffairs.com does not allow for non-paying brands to receive information about consumers who have posted reviews on their website in order to resolve complaints posted by those consumers and request that star rates be adjusted. Additionally, they were concerned that non-paying brands cannot have star ratings blocked if the consumer does not respond to a company's request for more information, the dispute is resolved privately or the factual basis for the complaint is not resolved. Polacek provided a form of "ConsumerAffairs Member Accreditation Agreement," with Consumers Unified as the contracting party from the ConsumerAffairs end. The terms of that form call for Consumers Unified (not ConsumerAffairs, Incorporated), defined in the contract form as "ConsumerAffairs" to provide, among other things, the ConsumerAffairs services described above that Polacek touted would transform Consumer Cellular's star-rating image.

11.

On information and belief, this form of contract is part of a new business model incorporated in the ConsumerAffairs business by Carman after he acquired ConsumerAffairs and formed Consumers United in 2010. The new business model is selling memberships to brands like Consumer Cellular to transform their review images. Carman has generally spoken about introducing this business model in an interview with a Tulsa, Oklahoma newspaper. As alleged herein, the negative manipulation and characterization of ratings by ConsumerAffairs is designed to coerce brands to pay the lucrative fees for ConsumerAffairs to transform their ConsumerAffairs ratings and images.

/ / /

Page 8 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

Exhibit 2, p. 11 of 31

1        12.

2        Upon being informed of all of the circumstances, Consumer Cellular's CEO, John

3   Marick, declined to enter the deal because he did not believe that the coercive practices of

4   ConsumerAffairs were just. Upon being informed that Consumer Cellular had declined the

5   membership contract, Polacek for the first time sent an email on November 18, 2014 directly to

6   Marick questioning that decision and stating in part as follows:

7           Dominic Artero informed me of your decision not to move forward
            with a partnership with ConsumerAffairs. We'd love to understand
8           why, as it seemed like a great fit, an opportunity for the brand to
            repair a currently negative sentiment in organic search for searches
9           on both your brand name and for reviews on the brand (see screen
            shots below). The page gets enough views in a month to pay for
10          the program itself and then some with even a low conversion to
            sales rate of 1% (see traffic below).
11

12       13.

13       In order to highlight the high profile negative impact on Consumer Cellular, Polacek

14  attached to that email computer screenshots of (a) circled results of Google searches for

15  "Consumer Cellular Reviews" and "Consumer Cellular" showing the ConsumerAffairs listing

16  third and second respectively and each referencing "Top 181 Complaints and Reviews" and a

17  (shrinking) 1 ½-star overall ConsumerAffairs rating; and (b) computer data analytics tracked by

18  ConsumerAffairs on Consumer Cellular showing a jump to 23,890 unique consumer views in the

19  previous 30 days.

20       14.

21       Consumer Cellular did not respond to that Polacek email. Undaunted, on February 18,

22  2015, Polacek appealed to Hepner in an email boldly commenting on the increasingly harmful

23  impact that the ConsumerAffairs Overall Satisfaction Rating and the enhanced positioning of

24  ConsumerAffairs in the search results listings:

25          Below is a quick update on Consumer Cellular's ConsumerAffairs
            page.
26

Page 9 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

1      – Ranks #2 in organic search for "consumer cellular" keyword
       search terms.

2
       – Ranks #1 in organic search for "consumer cellular reviews"
3      keyword search term.

4      – 219 reviewers are rating the brand at 1.5 out of 5 stars.

5      – The page has seen over 22,000 unique views in the last 30 days,
       significantly higher than 14,000 unique views a month that was
6      occurring last Fall.

7      – With star ratings visible in organic search on the search engine
       results page, any prospective customer that searches for reviews on
8      Consumer Cellular sees the sentiment from reviewers on the
       brand's ConsumerAffairs page.

9
       79% of consumers search for reviews online before they buy based
10     on the most recent research and there is a disproportionate number
       of ConsumerAffairs readers that are older folks (re: your AARP
11     partnership). We make the majority of our partner brands 3x or
       more what they pay us monthly. With 22k unique views, that
12     would certainly be the case for Consumer Cellular with a
       transformed page representing your true customer experience, as
13     opposed to the detractors defining your brand online right now on
       your brand's ConsumerAffairs page.

14

15                              15.

16          Consumer Cellular's response has been to demand that ConsumerAffairs cease and desist

17   from its deceptive and extortionate pattern and practices.

18                              16.

19          As set forth in the paragraphs below, while relevant information is in the possession of

20   the Defendants, the circumstances strongly indicate that the Defendants have for over a year

21   intentionally almost entirely screened positive Consumer Cellular reviews from posting with the

22   limited exception of the time when Consumer Cellular was talking with ConsumerAffairs about

23   a possible deal.

24                              17.

25          Between October 26, 2013 and April 15, 2014 ConsumerAffairs posted at least eight

26   5-star customer reviews of Consumer Cellular, with three of them in March and April 2014.

Page 10 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

Exhibit 2, p. 13 of 31

1    After April 15, 2014, in the months leading up to the series of Polacek cold-call emails beginning

2    August 19, 2014, ConsumerAffairs posted only one positive review, a 4-star review on July 14,

3    2014.  By August 19, 2014, the starred overall rating showing on internet search engines and on

4    the ConsumerAffairs page for Consumer Cellular was just 2 stars, which also excluded some

5    positive ratings of 4 and 5 stars because ConsumerAffairs, without explanation on its website,

6    bases its "Overall Satisfaction Rating" on a subset of total star-rated reviews it has posted.  The

7    lack of positive ratings postings by ConsumerAffairs in that April 15 to August 19, 2014 time

8    frame positioned ConsumerAffairs for the series of cold call emails by Polacek and subsequent

9    discussions between Polacek and Consumer Cellular.

10                                    18.

11        After Consumer Cellular responded with some interest to Polacek, and before Consumer

12    Cellular declined to pay ConsumerAffairs a setup fee of $15,000 and $5,000 a month for its

13    review page transformation services, ConsumerAffairs posted a 4-star review on September 13,

14    2014 and a 5-star review on October 1, 2014.  In the ten and a half months since that time

15    Consumer Cellular has had a drought of positive reviews, with recent exceptions of a July 19

16    and 22, 2015 reviewer-revised original negative review which has since vanished from

17    ConsumerAffairs.com, and a 5-star anomalous posting on August 11, 2015 which remains posted

18    at this time.

19                                    19.

20        This 10-and-one-half-month positive review posting drought in the wake of Consumer

21    Cellular's rebuke of ConsumerAffairs pressure to pay for ratings and image transformation,

22    together with the ConsumerAffairs unexplained exclusion of almost all posted positive

23    Consumer Cellular reviews during that time, as of the time of filing of the Complaint, has

24    resulted in ConsumerAffairs representing a shrunken near 1-star "Overall Satisfaction Rating"

25    for Consumer Cellular "based on 165 ratings out of 313 reviews."  As emphasized in

26    ConsumerAffairs last email to Consumer Cellular, a Google search for apparently any search

Page 11 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

1  containing "Consumer Cellular" produces search results with ConsumerAffairs's listing

2  immediately following Consumer Cellular's own web site listing as exemplified by the following

3  screenshot from an August 11, 2015 Google search:

### Consumer Cellular - The Best No Contract Cell Phones and ...
https://www.**consumercellular**.com/ ▾ Consumer Cellular ▾
**Consumer Cellular** provides the best no contract cell phones, smartphones, and cell
phone plans available. Sign up today!
3 Google reviews · Write a review · Google+ page

⦿ 7204 SW Durham Rd, Portland, OR 97224
(888) 345-5509

| | |
|---|---|
| **My Account**<br>My Account. Log in to manage your<br>account, pay bills online, or ... | **Support**<br>Contact Us - Manuals & Videos -<br>International Rates - **...** |
| **Cell Phone Plans**<br>Consumer Cellular delivers the best<br>no contract cell phone ... | **Sign Up**<br>Select a Talk Plan. Select the plan<br>that best meets your needs. You ... |
| **Phones**<br>Motorola Moto G EXT - Motorola Moto<br>E LTE - Motorola Moto G | **Coverage Map**<br>See where wireless talk and data<br>coverage is provided in the ... |

More results from consumercellular.com »

### Top 310 Complaints and Reviews about Consumer Cellular
www.consumeraffairs.com › Electronics › Cell Phones ▾
★☆☆☆☆ Rating: 1.2 - 164 votes
The saga continues with **Consumer Cellular**. Was able to get the correct sim card from
Target last Monday 7/27. Thought all was ok and working. Used my phone ...

20.

     That near 1-star overall rating is extraordinarily disparate from the 2014 Consumer

Reports and Nielson number 1 ratings, the ConsumerAffairs review site competition, and even

the suspect ConsumerAffairs review page history prior to April 16, 2014.  As of August 18,

2014, Consumer Cellular held overall ratings of 4 stars by the Better Business Bureau, 3 stars by

Prepaid Reviews, and 2-1/2 stars by CNET, Yelp and Pissedconsumer.com.

Page 12 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

21.

Even more conclusive of this intentional exclusion of positive reviews by ConsumerAffairs are the following specific known exclusions:

a.    In addition to its review postings, ConsumerAffairs publishes articles on what they call consumer issues. After Consumer Reports published its 2014 rankings of all cell phone service providers, one of the staff writers for ConsumerAffairs published an account of the results dated December 15, 2014 on the ConsumerAffairs website. In that account, the writer notes that Consumer Cellular came out on top and outperformed all of the traditional cell phone service providers. He included a link to and a verbatim quote of a fairly lengthy and very positive Consumer Cellular review that had been posted on the ConsumerAffairs.com review site by "James of Sacramento" who said in part "I have nothing but good things to say about Consumer Cellular." That link was subsequently redirected and that review is nowhere to be found on the ConsumerAffairs review site. Instead, the link is connected to the first page of the ConsumerAffairs review site for Consumer Cellular showing an ever-shrinking star Overall Satisfaction Rating. Another link to a negative review of cellular provider StaightTalk in the same article is still active and connected to that particular review.

b.    Late in 2014, a Consumer Cellular customer by the name of Joe Monahan reached out on his own to Consumer Cellular to offer the Consumer team a pat on the back. Consumer Cellular asked if he would be willing to submit a review on the ConsumerAffairs.com website, providing a link. He responded that "I did send a very positive feedback to Consumer Affairs." ConsumerAffairs did not post his review. Based on customer feedback during the period in question, Consumer Cellular has good reason to believe other legitimate positive reviews have been submitted but have been excluded.

c.    A negative review dated July 19, 2015 was posted. The reviewer later used the tools available on the website to update and increase the rating to 5 stars, causing the "Consumer Increased Rating!" notation to appear above the stars. Consumer Cellular happened to monitor

Page 13 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

1   the review page on July 22, 2015, a time when that 5-star review was seen, much to Consumer

2   Cellular's surprise. However ConsumerAffairs has since deleted the entire review.

3                                      22.

4          Defendants have engaged in and continue to engage in a scheme of misrepresentation and

5   deception of the internet consumers who do internet searches which contain or take them to

6   "Consumer Cellular" or "Consumer Cellular Reviews" either on a general search engine search

7   or a search which takes them to the ConsumerAffairs website review page for Consumer Cellular

8   as follows:

9          a.     The top of the ConsumerAffairs.com internet review pages contain intentionally

10  designed deceptively nuanced headings to differentially influence internet consumers. If a brand

11  has not paid to be an accredited member, the heading reads "[Brand Name, e.g. Consumer

12  Cellular] Consumer Complaints and Reviews." If a brand has paid to be an accredited member,

13  the heading reads "[Brand Name, e.g. Jitterbug] Consumer Reviews and Complaints."

14         b.     The "Overall Satisfaction Rating" posted on the ConsumerAffairs.com internet

15  review site for Consumer Cellular and listed in search engine results which bring up Consumer

16  Cellular has been and continues to be deceptively manipulated because of the exclusion of

17  posting of positive reviews as described above without disclosing it to internet consumers. That

18  is also contrary to the ConsumerAffairs statement "We publish both reviews and complaints" in

19  response to the question "Aren't you being terribly unfair and one-sided? Where's the good

20  news?" on its internet frequently asked questions page.

21         c.     Paying members are enabled to have negative stars changed or removed and

22  negative texts of reviews lined out as described in paragraph 4.

23         d.     The starred Overall Satisfaction Rating published in the places described above is

24  also deceptive because it is calculated by counting only a subset of total posted star-rated reviews

25  without including most of the positive reviews contained in the postings and without explaining

26  that there are other starred posted ratings that have not be counted. For example, the review page

Page 14 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

Exhibit 2, p. 17 of 31

1   on August 18, 2015 represented that the approximate 1-star Overall Satisfaction Rating is "Based

2   on 165 ratings out of 314 reviews," subjecting the reader to the impression that the other reviews

3   must not be star-rated.  This is not only confusingly deceptive based on the wording, but the use

4   in fact of only a subset of star-rated reviews to calculate the overall rating is contrary to the

5   frequently asked questions page, which states that "A company's 'star rating' is calculated using

6   all ratings submitted by actual consumers."

7          e.       In addition to the deceptive overall rating, the review page includes a deceptive

8   "rating distribution" showing the number of stars for each category on a 1-5 scale is based on a

9   relatively small subset of the total reviews posted, and nearly all of Consumer Cellular's positive

10  ratings contained in the universe of posted reviews are not counted in that ratings distribution.

11  For example, the August 18, 2015 review page shows two 5-star and one 4-star reviews in the

12  distribution ratings, subjecting the reader to the impression that there were only those two

13  positive reviews out of 314 reviews.  Nowhere is there any explanation that there are other

14  positive reviews in the 314 reviews posting, and the consumer would have no way of figuring

15  that out short of carefully going through all 314 reviews, something no reasonable consumer

16  could be expected to do.

17         f.       As described above, ConsumerAffairs.com also deceptively creates intentionally

18  nuanced descriptions, designed to differentially influence internet consumers, which appear in

19  search engine results listings when consumers do internet searches for either a brand name or for

20  reviews of a brand name listed in the ConsumerAffairs.com review pages.  If a brand has not

21  paid to be an accredited member, the search engine result listing specifies "Top [number]

22  Complaints and Reviews about [brand name]" followed by the star rating.  For example the

23  August 18, 2015 description for Consumer Cellular says "Top 313 Complaints and Reviews,"

24  followed by an approximate overall rating of 1 star and listing "Rating: 1.3 ÷ 165 votes

25  embodying a negative bias which subjects the reader to the wrong impression that there are 313

26  complaints and the confusion that only 165 of the complaints posted actually supplied a star

Page 15 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

1  rating.  If the brand has paid to be an accredited member, the search engine result listing

2  specifies "Top [number] Reviews and Complaints about [brand name] " followed by a

3  manipulated star rating that is artificially high, which creates an appearance that the stated

4  number applies to positive "top reviews."  Defendants are well aware of the divergent impact of

5  this distinction or they would not have devised it.  To exemplify this subtle but effective

6  intentionally biased deception, the following are separate August 11, 2015 screenshots of Google

7  search results listings for "Consumer Cellular" and "Jitterbug" (a Consumer Cellular competitor

8  which is a ConsumerAffairs paying member):

9
   ### Top 310 Complaints and Reviews about Consumer Cellular
10  www.consumeraffairs.com › Electronics › Cell Phones ▾
    ★☆☆☆☆ Rating: 1.2 - 164 votes
11  The saga continues with **Consumer Cellular**. Was able to get the correct sim card from
    Target last Monday 7/27. Thought all was ok and working. Used my phone ...
12

13
   ### Top 270 Reviews and Complaints about Jitterbug | Page 2
14  www.consumeraffairs.com › Electronics › Cell Phones ▾
    ★★★★✭ Rating: 4.6 - 190 votes
15  Apr 12, 2015 - We're happy with **Jitterbug**. It has been dependable each time I had to
    use it. That's what I needed, something I could count on when I needed ...
16

17

18         g.       As of the time of filing this Complaint, ConsumerAffairs.com had ratings pages

19  for 40 cellular phone product providers with just one brand, Jitterbug (also known as Great Call),

20  as a customer paying the lucrative membership fees.  In addition to individual brand internet

21  review pages, all 40 are listed in summary fashion with overall star ratings on a single

22  ConsumerAffairs internet review page.  At the time of filing of the Complaint, none of the non-

23  paying brands have an overall rating of 2 full stars.  Most of the non-paying brands have an

24  overall rating of 1 star (or just barely over 1 star), like Consumer Cellular after its 10-month

25  drought of positive postings on ConsumerAffairs.com.  Only Jitterbug had a positive overall

26  rating, which has grown to nearly 5 full stars since January, 2015, giving Jitterbug an

Page 16 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

1  unexplained lopsided competitive advantage based on the Defendants' deceptive scheme as

2  follows:

3          i.        Jitterbug became entitled to seemingly magical ratings transformation by

4  the Defendants late in 2014 by becoming the first and only cellular phone product

5  provider of the 40 noted above to succumb to ConsumerAffairs' extortionate ratings ploy

6  by paying for special privileges.  It seems apparent from the Jitterbug review page that

7  between December 2006, when Jitterbug reviews began being posted on

8  ConsumerAffairs.com, and January 22, 2015, Jitterbug had <u>never</u> been awarded a

9  presently discernible positive 4 or 5 star rating by any reviews posted on the

10 ConsumerAffairs page for Jitterbug, except for a May 24, 2008 review which currently

11 shows 5-stars but inexplicably contains a very negative text ending in "Buyer

12 BEWARE!!".  Reflecting the transformation of Jiitterbug as a paying customer, the

13 ConsumerAffairs ratings page for Jitterbug has between January 22, 2015 and August 18,

14 2015 been transformed to an overall rating of nearly 5 full stars.  During that approximate

15 8-month period (in which Consumer Cellular has had one positive (4 or 5 stars) review

16 and one 3-star review which remain posted, ConsumerAffairs.com shows just ten

17 negative posts of Jitterbug reviews, eight apparently negative reviews whose star ratings

18 have been removed based on privileged options made available to Jitterbug as a paying

19 member, ten 3-star reviews, and 165 positive (4 and 5 stars) reviews.  During that same

20 period most star-ratings of negative reviews dating back to 2006 were expunged for one

21 stated reason or another (and some negative text reviews now show no star ratings even

22 though no explanation is provided).  Though not readily discernible to online consumers

23 expecting ConsumerAffairs.com to be independent and trustworthy, this demonstrates

24 that a positive ratings transformation on ConsumerAffairs.com is only an expensive set of

25 membership and monthly fees away, and that the Defendants are by deceptive design

26

Page 17 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

1    giving Jitterbug, for fees, a competitive ratings advantage over Consumer Cellular by

2    deceptively inflating Jitterbug ratings and negatively deflating Consumer Cellular ratings.

3           ii.    Another factor of deception involves how paying and non-paying

4    members are treated concerning the order of posted reviews.  For example, on August 18,

5    2015, the most recent Jitterbug-posted reviews on ConsumerAffairs.com for the months

6    of July and August of 2015 are dated August 11, July 24, July 8, and July 2.  However,

7    apparently because all four of those reviews were negative (although two of those have so

8    far had their star ratings removed for disputed factual basis and "insufficient response"),

9    Jitterbug's payment has resulted, without explanation to consumers, in those negative

10   reviews being posted <u>following</u> three cherry-picked, out-of-chronological-order, 5-star

11   reviews dated April 20, April 11, and February 14 of 2015 at the top of the first

12   ConsumerAffairs.com ratings page for Jitterbug.  That discriminatory deceptive

13   reordering results in a consumer who is checking the ConsumerAffairs.com website

14   ratings page on Jitterbug seeing three very positive 5-star reviews before seeing the most

15   recent reviews which were all negatively starred to begin with and still show negative

16   wording even though the negative star ratings have already been expunged from two of

17   the last two-months four negative reviews.  In addition, an internet search for

18   ConsumerAffairs reviews for Jitterbug brings up a search result link that when clicked

19   takes the consumer to the second more favorable appearing page (each review "page"

20   containing 30 reviews) for Jitterbug containing thirty reviews from March 30 to April 12

21   of 2015.  Only one of those thirty reviews is negative, thus presenting a very positive

22   page to the consumer.  Only if the consumer scrolls to the bottom of those thirty reviews,

23   will the consumer find a link to a "previous page" which is actually page 1 containing

24   more recent and much less complimentary reviews as described above.  Disparately, the

25   ConsumerAffairs.com's ratings page postings for non-paying Consumer Cellular are

26   always posted in chronological order beginning with the most recent reviews selected for

Page 18 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

Exhibit 2, p. 21 of 31

1    posting by ConsumerAffairs.  Except for above-referenced two positive reviews deleted

2    by ConsumerAffairs and the single anomalous positive review still retained, those

3    reviews have always been negative throughout the last ten and a half months.  (*See*

4    paragraph 22.d for examples).

5         h.      Recently, the ConsumerAffairs.com review page for Consumer Cellular, and

6    other non-paying brands, has been even more brazenly designed to deceptively impugn and

7    negatively impact Consumer Cellular and manipulate viewers in order to take business away

8    from Consumer Cellular and actively direct consumers to Consumer Cellular's competitor

9    Jitterbug.  The new content serves to punish Consumer Cellular to incentivize paid membership,

10   and to reward and retain Jitterbug as a paying member.  Now constantly superimposed in the

11   bottom right-hand corner of the screen on the ConsumerAffairs.com web review page for

12   Consumer Cellular is a prompt that is plainly meant to impugn Consumer's Cellular's

13   trustworthiness and direct consumers to Jitterbug:

14
15
16   
17
18
19
20

21   That prompt does not appear on Jitterbug's page because it is a paying member.  Clicking on

22   "COMPARE TOP ALTERNATIVES" takes the consumer to the top of the above-described

23   review page listing all cellular product providers tracked by ConsumerAffairs, where Jitterbug is

24   prominently displayed with a nearly 5 full stars rating as the only positively rated cellular phone

25   product provider.  At the same time, on the top left of that web page there has been added the

26   following coercive prompt for non-paying brands like Consumer Cellular:

Page 19 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

**Satisfaction Rating**

0   1   2   3   4   5

Want your company to be
on this guide?

Clicking on that link brings up a box for the brand to list its contact information for the purpose

of being contacted by a ConsumerAffairs representative who will undoubtedly attempt to get the

brand to become a paying member to avoid the negative impact of a contrived terrible overall

rating and the above "not impressed?" / "find a company you can trust" prompt.

23.

Based on the circumstances set forth above, each of the Defendants have not only

designed and carried out the above related schemes of deception and attempted extortion, but

they have also agreed to those schemes, conspired to achieve them, and have materially aided

and assisted them.

24.

The above alleged schemes of deceptive misrepresentation and attempted extortion have

foreseeably, intentionally, substantially, directly, and proximately caused Consumer Cellular to

be damaged and harmed in its business and property as follows:

a.    <u>Online Review Site Unique Views Sales Loss</u>.  Consumer Cellular has the ability

to track its monthly internet sales conversion rate  by tracking and comparing the number of

monthly internet customer clicks on its website to monthly internet sales.  For current damage

calculation, Consumer Cellular has used its actual monthly click conversion rates between

January 1, 2014 and July 15, 2014, which vary from a low of 1.69% to a high of 2.32%,

comparable to the range spoken of by Polacek as described above.  The internet consumer unique

views which the ConsumerAffairs review page for Consumer Cellular gets can reasonably be

Page 20 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

Exhibit 2, p. 23 of 31

1    assumed to be potential customers as touted by ConsumerAffairs.  Consistent with

2    ConsumerAffairs' insistence on the negative impact on Consumer Cellular of the negative

3    ratings and reviews because most consumers rely on them, it is reasonable to assume that

4    consumers constituting unique views of the terrible ConsumerAffairs' ratings page for Consumer

5    Cellular are dissuaded from becoming customers of Consumer Cellular.  In its calculation of

6    damages, Consumer Cellular has used the exact number of monthly unique views reported by

7    ConsumerAffairs, trending upwards from September 14, 2014 through February 2015 as set out

8    above.  Consumer Cellular has reasonably and conservatively estimated the unique views from

9    January 1, 2014 through July 2014, assuming 7,414 unique views in January 2014 trending

10   upward to 14,000 as reported by ConsumerAffairs for August 2014.  Consumer Cellular has

11   conservatively estimated the unique views for December 2014, January 2015, and from March

12   2015 through July 2015 at 22,000 per month.  Consumer Cellular's application of the actual

13   Consumer Cellular click conversion rate to the actual and estimated ConsumerAffairs monthly

14   unique views yields a total loss of at least 6,126 sales through July 2015.  Based on Consumer

15   Cellular's average revenue per customer per month for 2014 of $27.32, and the average

16   Consumer Cellular customer remaining a customer for 31.25 months, Consumer Cellular incurs a

17   loss of $853.75 per lost customer.  That figure multiplied by the reasonably estimated loss of

18   6,126 customers from January 2014 through July 2015, equals a total Consumer Cellular loss of

19   $5,230,072.  The actual loss online of customer sales are continuing due to the Defendants'

20   ongoing scheme of deceiving internet consumers by intentionally harming Consumer Cellular's

21   image and reputation.  The total amount of these online sales loss damages will be computed at

22   the time of trial based on actual Consumer monthly click conversion rates and actual

23   ConsumerAffairs monthly unique views for the Consumer Cellular review page to be obtained

24   from ConsumerAffairs which has access to that information.

25        b.    Online Search Engine Results-Related Sales Loss.  Plaintiff has been additionally

26   damaged by the loss of sales to consumers whose internet search engine searches bring them to

Page 21 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

1  Consumer Cellular in the search results listings, and are dissuaded from becoming Consumer

2  Cellular customers because of the high profile juxtaposition of the listing in the search results of

3  ConsumerAffairs.com's negative content on Consumer Cellular as noted by ConsumerAffairs in

4  its attempt to coerce Plaintiff to pay the lucrative fees proposed by ConsumerAffairs and

5  Consumers United.  The amount of such damages will be computed at the time of trial using the

6  same click conversion rates specified above.

7          c.    <u>Retail and Phone Sales Losses</u>.  As pointedly emphasized by Polacek,

8  ConsumerAffairs' high profile negative ratings also negatively impact Consumer Cellular's retail

9  and phone sales because as many as 89% of all consumer read internet products reviews before

10  making a purchase online or otherwise.  The amount of these losses will be proven at the time of

11  trial.

12                          FIRST CLAIM FOR RELIEF

13                  (Unlawful Trade Practices Against All Defendants)

14                                  25.

15          Plaintiff realleges the allegations in paragraphs 1 to 24.

16                                  26.

17          Plaintiff is a person which has suffered and continues to suffer ascertainable losses of

18  money as alleged in paragraph 24 as a substantial, direct and proximate result of the Defendants',

19  and each of them, past and ongoing willful use or employment of a method, act or practice

20  declared unlawful under ORS 646.608 as follows:

21          a.    Under ORS 646.608 (1)(b) by causing likelihood of confusion or

22  misunderstanding by consumers viewing the above-alleged ConsumerAffairs.com review-related

23  representations about customer approval of the goods and services of Consumer Cellular, and its

24  competitor Jitterbug; and/or

25          b.    Under ORS 646.608 (1)(h) by disparaging the goods, services, and/or business of

26  Consumer Cellular by false or misleading representations of fact described above.

Page 22 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

27.

Defendants, and each of them, have also conspired together and aided and assisted one another in the commission of the unlawful trade practice alleged in paragraph 26.

28.

Plaintiff is entitled to damages as alleged in paragraph 24 and to reasonable attorney fees under ORS 646.638(1). Plaintiff reserves the right to move for allowance to allege punitive damages under ORS 646.638(1).

### SECOND CLAIM FOR RELIEF

(Intentional Interference with Prospective Economic Relations Against All Defendants)

29.

Plaintiff realleges the allegations in paragraphs 1 to 24.

30.

Plaintiff had and has a reasonable prospective economic relationship with potential consumers interested in the consumers which have clicked and continue to click on ConsumerAffairs review page for Consumer Cellular, as established by Consumer's online click conversion rate track record. The Defendants, and each of them, as third parties have interfered and continue to interfere with that prospective economic relationship by the improper means of misrepresentation and deception for the improper purpose of negatively impacting Plaintiffs' cellular phone service sales as set out above.

31.

Defendants, and each of them, have also conspired together and aided and assisted one another in the intentional interference.

32.

As alleged in paragraph 24, Plaintiff has been and continues to be damaged as a substantial, direct and proximate result of the Defendants, and each of them, having intentionally

Page 23 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

1  interfered with those prospective economic relationships.  Plaintiff reserves the right to move for

2  allowance to allege punitive damages.

3  THIRD CLAIM FOR RELIEF

4  (Federal RICO Against All Defendants)

5  33.

6       Plaintiff realleges the allegations in paragraphs 1 to 24.

7  34.

8       Pursuant to 18 U.S.C. § 1964(c), Plaintiff as a legal entity is a person which has been

9  injured in its business or property by reason of a violation of 18 U.S.C. § 1962(c) and/or (d).

10  The Defendants, and each of them, are persons which have been associated with the following

11  alternative enterprises:

12       a.    All Defendants in association with each other (as to the claims against all

13  Defendants);

14       b.    All Defendants in association with each other and Polacek (as to the claims

15  against all Defendants);

16       c.    ConsumerAffairs (as to the claims against Carman and Consumers United);

17       d.    Consumers United (as to the claims against Carman and ConsumerAffairs);

18       e.    ConsumerAffairs and Andrew Polacek (as to the claims against Carman and

19  Consumers United);

20       f.    Consumers United and Andrew Polacek (as to the claims against all Defendants);

21       g.    ConsumerAffairs in association with the unwitting internet consumers which have

22  been the object of the Defendants' deceptive scheme set out above (as to the claims against all

23  Defendants);

24       h.    Consumers United in association with the unwitting internet consumers which

25  have been the object of the Defendants' deceptive scheme set out above (as to the claims against

26  all Defendants); and/or

Page 24 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

1      i.     ConsumerAffairs and Consumers United in association with the unwitting internet

2  consumers which have been the object of the Defendants' deceptive scheme set out above (as to

3  the claims against all Defendants).

4                          35.

5      The activities of the above enterprises have affected interstate commerce between

6  Oregon, where Plaintiff and its officers and employees were located, and Tulsa Oklahoma where

7  the Defendants and Polacek were headquartered, and across the nation regarding thousands of

8  impacted online consumers.

9                          36.

10      The Defendants, and each of them, conducted (operated and managed) the above

11  alternative enterprises' affairs through a pattern of racketeering activities.  The racketeering

12  activities defined by 18 USC §1961 (1) (A) and (B) include:

13      a.     The Defendants, and each of them, by design and through their agents for their

14  own benefit have repeatedly engaged in knowing participation in multiple predicate acts of

15  internet wire fraud in violation of 18 U.S.C. § 1343 by having devised or intending to devise the

16  above-alleged scheme or artifice to defraud, or for obtaining money by means of false or

17  fraudulent pretenses, representations as alleged in detail in paragraphs 1-24 above.  Those

18  activities substantially involved and/or continue to involve use of interstate wires via the internet

19  for purposes of the email correspondence set out above, the ConsumerAffairs.com internet

20  review site set forth in detail in paragraphs 1-24 above as to Consumer Cellular and/or its

21  competitor Jitterbug, and ConsumerAffairs' positioning and word content for results of internet

22  consumers searches containing or migrating to "Consumer Cellular" or "Consumer Cellular

23  Reviews" and/or for "Jitterbug."

24      b.     Defendants, and each of them, have also engaged in acts and/or threats

25  constituting racketeering activities involving conduct alleged in paragraphs 1 to 24 and 36.a

26  chargeable as multiple attempts at theft by extortion proscribed by ORS 161.405 (criminal

Page 25 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

1   attempt involving a Class B felony) and ORS 164.075 (extortion, a Class B felony), punishable

2   by 5 years' imprisonment under ORS 161.605.  Defendants by design and through their agents

3   for their own benefit have repeatedly taken substantial steps to compel or induce Consumer

4   Cellular to deliver money to Consumers United for a ConsumerAffairs accredited membership

5   by instilling in the Consumer Cellular a fear that, if the money is not so delivered, then

6   ConsumerAffairs will:

7           i.     wrongfully cause damage to Consumer Cellular's property (goodwill,

8           reputation, and monetary income) by continuing to manipulate the ConsumerAffairs

9           review pages to negatively impact Consumer Cellular as alleged in paragraphs 1 to 24;

10          ii.     engage in conduct constituting the ongoing crime of federal wire fraud as

11          alleged in paragraphs 1 to 24 and 36.a; and/or

12          iii.     expose Consumer Cellular to deceptive publication of facts tending to

13          subject Consumer Cellular to contempt or ridicule as alleged in paragraphs 1 to 24.

14                  37.

15        The multiple acts of mail and wire fraud constitute a pattern of racketeering in that the

16  schemes involved and continue to involve repetitive acts of misrepresentation and deception as

17  to both Consumer Cellular and its competitor Jitterbug published repeatedly (daily) to the

18  thousands of unique view ConsumerAffairs.com internet review page consumers each month as

19  tracked by ConsumerAffairs, and published repeatedly in internet search engine consumer search

20  results involving Consumer Cellular and/or Jitterbug.  Added to that pattern are the related

21  above-alleged repeated attempts of unlawful extortion of Consumer Cellular under Oregon law.

22  This pattern of racketeering has been continuous for well over a year and continues unabated.

23                  38.

24        Defendants, and each of them, have agreed and conspired with one another and with

25  Andrew Polacek as co-conspirator to violate 18 U.S.C. § 1962(c), as alleged above.

26  / / /

Page 26 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

1          39.

2          As alleged in paragraph 24, Plaintiff has been and continues to be directly and

3    proximately injured in its business and/or property by reason of the above-alleged pattern of

4    predicate acts of racketeering.  Plaintiff is entitled to treble damages and reasonable attorney fees

5    under 18 U.S.C. § 1964(c).

6                    FOURTH CLAIM FOR RELIEF

7                    (Defamation As to All Defendants)

8          40.

9          Plaintiff realleges the allegations in paragraphs 1 to 24.

10          41.

11          The Defendants have made and continue to make false and defamatory representations

12    regarding Plaintiff as set forth in paragraphs 1-24 above.  The defamatory statements have been

13    and continue to be published to thousands of internet consumer who do internet searches for or

14    that take them to "Consumer Cellular" or "Consumer Cellular Reviews" or who click on the

15    ConsumerAffairs.com review page for Consumer Cellular.

16          42.

17          Defendants, and each of them, have also conspired together and materially aided and

18    assisted one another in these past and ongoing defamatory statements.

19          43.

20          Plaintiff has been specially damaged by the false and defamatory statement publications

21    as alleged in paragraph 24.

22                    PRAYER FOR RELIEF

23          WHEREFORE, Plaintiff prayers for judgment against Defendants, and each of them, as

24    follows:

25          (1)    For monetary damages on all claims, to be proven at trial, but currently estimated

26    at no less than $5,230,072;

Page 27 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020

1    (2)    For equitable relief as the court sees fit on Plaintiff's Unlawful Trade Practices

2  Act claim under ORS 646.638(1);

3    (3)    For treble damages on the RICO claim pursuant to 18 U.S.C. § 1964(c);

4    (4)    For reasonable attorney fees on Plaintiff's RICO claim under 18 U.S.C. § 1964(c),

5  and on Plaintiff's Unlawful Trade Practices Act claim under ORS 646.638(3);

6    (5)    For costs and disbursements; and

7    (6)    For such other relief as the Court deems just and equitable, including without

8  limitation that the Defendants cease their actionable practices and reserving the right to seek to

9  amend to allege punitive damages on Plaintiff's Unlawful Trade Practices Act claim under

10  ORS 646.638(1) and Plaintiff's claim for intentional interference with prospective economic

11  relations.

12    DATED this 19th day of August, 2015.

13                                        KELL, ALTERMAN & RUNSTEIN, L.L.P.

14

15                                        BY    s/ Thomas R. Rask, III
16                                           Thomas R. Rask, III, OSB No. 934031
                                              trask@kelrun.com
17                                           Robert B. Lowry, OSB No. 852751
                                              rlowry@kelrun.com
18                                           520 SW Yamhill St., Suite 600
                                              Portland, OR  97204-1329
19                                           Telephone:  (503) 222-3531
                                              Fax:  (503) 227-2980
20                                           Of Attorneys for Consumer Cellular,
                                              Incorporated

21                                        Trial Attorneys:  Thomas R. Rask, III and
                                           Robert B. Lowry
22

23

24

25

26

Page 28 – COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00154020