DUANE A. BOSWORTH, OSB #825077
duanebosworth@dwt.com
TIM CUNNINGHAM, OSB #100906
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

CAMERON STRACHER (admitted *pro hac vice*)
cam@stracherlaw.com
4 New York Plaza, 2d Floor
New York, NY 10004
Telephone:  (212) 743-6513
Facsimile:

>Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| CONSUMER CELLULAR, INCORPORATED, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMERAFFAIRS.COM, INC., a Nevada corporation; CONSUMERS UNIFIED, LLC, a Nevada limited liability company; and DAVID ZACHARY CARMAN,<br><br>Defendant. | Case No. 3:15-cv-01908 (PK)<br><br>**DECLARATION OF DAVID ZACHARIAH CARMAN** |

1

Pursuant to 28 U.S.C. § 1746, David Zachariah Carman declares:

1.      I am the Managing Director of Consumers Unified, LLC, and President of ConsumerAffairs.com (collectively, "ConsumerAffairs").  I do not have a majority ownership position in either company.  I submit this declaration based on my own personal knowledge in support of defendants' Special Motion to Strike Plaintiff's Claims pursuant to O.R.S. 31.150.

2.      ConsumerAffairs owns and operates consumeraffairs.com, a website for consumer news, information, and advocacy founded in 1998 by James R. Hood, a veteran Washington, D.C. journalist and public affairs executive, who spent ten years working at United Press International and the Associated Press.

3.      ConsumerAffairs provides news and information to more than seven million unique visitors each month.  Its website, located at www.consumeraffairs.com, consists of original content created by its own journalists, as well as information about product recalls and tens of thousands of product reviews posted by consumers.

4.       ConsumerAffairs sells no products or services to consumers; it earns revenue solely through advertising and through accreditation agreements with member businesses.

5.      ConsumerAffairs' membership program, known as ConsumerAffairs for Brands, is based on the recognized phenomenon among online marketers that satisfied customers are much less likely to provide feedback about companies whose products and services they purchase than are unhappy customers.  On the other hand, angry customers are motivated to give feedback because they face a problem that needs to be solved and –

fairly or unfairly – they will tolerate friction to make their voice heard.  This motivation is why the number of negative reviews tend to outnumber positive reviews on online forums.

      6.     As a free service, ConsumerAffairs offers companies the opportunity to respond to customers who have posted reviews on the ConsumerAffairs' website.  For a fee, as part of its membership program, ConsumerAffairs provides companies with tools to assist them in collecting reviews from their customers such as a software application that companies can use on their Facebook page for consumers to write and submit reviews.  It also offers member businesses a dispute resolution process to address concerns of unhappy customers who may then (if they choose) change the "satisfaction rating" they have given the company on ConsumerAffairs' website.  The "satisfaction rating"  is an average of the number of "stars" awarded to companies by consumers.  The number of stars a consumer chooses to award a company ranges from "very dissatisfied with the experience" (1-star) to "would recommend to a friend" (5-star).

      7.     When a dispute cannot be resolved, ConsumerAffairs places a "badge" on the review indicating that the dispute is unresolved and its status.  Depending on the response, ConsumerAffairs will indicate on the badge: "Resolved Outside ConsumerAffairs," "Insufficient Response Received," "Factual Basis Uncertain," or "No Response Received."  Because the dispute is considered unresolved, the customer's satisfaction rating will not appear on the website and will not be included when calculating the company's overall satisfaction average.  In addition, satisfaction ratings that are older than one year are not included in calculating a company's average because

they are considered less meaningful.  In no cases, however, will ConsumerAffairs remove a review or increase a customer's satisfaction rating at a company's request.

8.      ConsumerAffairs does not prevent any legitimate consumer from posting reviews on its website.  However, like most consumer-focused sites, ConsumerAffairs must contend with "spam" reviews.  This includes reviews that are auto-generated, fake, or written by the company itself.  Thus, in an effort to protect the integrity of the reviews posted on its website, ConsumerAffairs employs sophisticated software to flag potentially illegitimate reviews, which are then manually reviewed prior to publication.  If the reviews are determined to be spam, they are not published.

9.      In this case, plaintiff speculates that because there were eight 5-star reviews of its business between October 26, 2013 and April 15, 2014, the fact that there was only one 5-star review between April 15, 2015 and August 19, 2014 means ConsumerAffairs excluded other 5-star reviews.  This is incorrect.  At no time did ConsumerAffairs intentionally exclude any legitimate review of plaintiff's business.  As to plaintiff's specific claims that ConsumerAffairs removed a review dated July 19, 2015 that was updated to 5-stars, that review was removed at the customer's request.  As to the other two positive reviews identified by plaintiff from "James of Sacramento" and "Joe Monahan," those reviews were removed by ConsumerAffairs because they were determined to be spam.  Finally, of the 149 reviews plaintiff claims were not counted in its satisfaction rating, those reviews were older than one year.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2015

_____
David Zachariah Carman