DUANE A. BOSWORTH, OSB #825077
duanebosworth@dwt.com
TIM CUNNINGHAM, OSB #100906
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

CAMERON STRACHER (admitted pro hac vice)
cam@stracherlaw.com
4 New York Plaza, 2d Floor
New York, NY 10004
Telephone:  (212) 743-6513
Facsimile:  (646) 810-3089

      Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## AT PORTLAND

| | |
|---|---|
| CONSUMER CELLULAR, INCORPORATED, an Oregon corporation**,**<br><br>        Plaintiff,<br><br>  v.<br><br>CONSUMERAFFAIRS.COM, INC., a Nevada corporation; CONSUMERS UNIFIED, LLC, a Nevada limited liability company; and DAVID ZACHARY CARMAN,<br><br>        Defendants. | Case No. 3:15-cv-01908-PK<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S CLAIMS** |

DEFENDANTS' REPLY MEMO IN SUPPORT OF SPECIAL MOTION TO STRIKE

# TABLE OF CONTENTS

**Page**

MEMORANDUM IN SUPPORT ................................................................................... 1

    Introduction ............................................................................................................ 1

ARGUMENT ............................................................................................................... 1

I.    THIS LAWSUIT IS SUBJECT TO A SPECIAL MOTION TO STRIKE UNDER OREGON'S ANTI-SLAPP STATUTE ................................................................. 1

II.    PLAINTIFF HAS NOT DEMONSTRATED A PROBABILITY OF SUCCESS ON THE MERITS OF ITS CLAIMS .................................................................. 3

    A.    Plaintiff has failed to present substantial evidence to support its claim for unlawful trade practices. ...................................................................... 4

    B.    Plaintiff has failed to present substantial evidence to support its claim for intentional interference with prospective economic relations. ............... 5

    C.    Plaintiff has failed to state a claim for RICO violations. ......................... 7

        1.    Plaintiff has not established that defendants conducted a RICO enterprise. ................................................................................. 7

        2.    Plaintiff has not demonstrated a "pattern" of racketeering activity. ........... 9

        3.    Plaintiff has not established the existence of any injuries proximately caused by defendants' actions. ................................................................. 9

        4.    Plaintiff has not demonstrated the defendants' actions constitute extortion. ................................................................................. 11

    D.    Plaintiff has failed to present substantial evidence to support its claim for defamation. ........................................................................................ 12

    E.    Plaintiff has failed to establish defendant Carman's liability for any claims. ...... 15

CONCLUSION ........................................................................................................... 16

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Accuardi v. Fredericks*,
   No. 3:13-cv-01825-ST, 2014 WL 848263 (D. Or. March 4, 2014)...........................................1

*Akers v. U.S.*,
   No. Civ. 01-1348-HU, 2002 WL 32512845 (D. Or. April 3, 2002) .........................................8

*Allegro Corp. v. Only New Age Music, Inc.*,
   No. Civ. 01-790-HU, 2003 WL 23571745 (D. Or. Jan. 23, 2003) ...........................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................................4, 9, 13

*Ault v. Hustler Magazine, et al.*,
   No. 86-381-FR, 1986 WL 20896 (D. Or. Oct. 20, 1986), *aff'd* 860 F.2d 877
   (9th Cir. 1988)......................................................................................................12

*Barnes v. Yahoo!, Inc.*,
   570 F.3d 1096 (9th Cir. 2009) ...................................................................................15

*Black v. Google Inc.*,
   No. 10-02381 CW, 2010 WL 3222147 (N.D. Cal. Aug. 13, 2010), *aff'd*, 457
   F. App'x 622 (9th Cir. 2011) .....................................................................................14

*Bridge v. Phoenix Bond & Indemnity Co.*,
   553 U.S. 639 (2008)..................................................................................................9

*Cascade Yarns Inc. v. Knitting Fever, Inc.*,
   No. C10-861RSM, 2012 WL 2565067 (W.D. Wash. June 29, 2012) ....................................10

*CollegeNET, Inc. v. Embark.Com, Inc.*,
   230 F. Supp. 2d 1167 (D. Or. 2001) ..........................................................................4, 5

*Dart v. Craigslist*,
   665 F. Supp. 2d 961 (N.D. Ill. 2009) ............................................................................14

*Doe v. Gangland Productions, Inc.*,
   730 F.3d 946 (9th Cir. 2013) .......................................................................................3

DWT 28380843v4 0105455-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Doe v. MySpace, Inc.*,
    474 F. Supp. 2d 843 (W.D. Tex. 2007), *aff'd*, 528 F.3d 413 (5th Cir. 2008)..........................14

*DuBoff v. Playboy Ent. Intern., Inc.*,
    Civ. No. 06-358-HA, 2007 WL 1876513 (D. Or. June 26, 2007) ...........................................1

*Englert v. MacDonell*,
    Civil No. 05-1863-AA, 2006 WL 1310498 (D. Or. May 10, 2006)........................................1

*FLIR Systems, Inc. v. Sierra Media, Inc.*,
    2011 WL 1832806 (D. Or. May 10, 2011) ...........................................................................6, 7

*Gardner v. Martino*,
    No. CV-05-769-HU, 2005 WL 3465349 (D. Or. Sept. 19, 2005) ...................................1, 3, 13

*Higher Balance, LLC v. Quantum Future Group, Inc.*,
    2008 WL 5281487 (D. Or. Dec. 18, 2008) .......................................................................1, 13

*In re Quarterdeck Office Systems, Inc., Securities Litigation*,
    854 F. Supp. 1466 (C.D. Cal. 1994) ........................................................................................9

*Kadyk v. Long*,
    No. 3:11-cv-01312-AC, 2013 WL 2550742 (D. Or. June 5, 2013)...........................................6

*Kesey, LLC v. Francis*,
    No. CV 06-540-AC, 2009 WL 909530 (D. Or. April 3, 2009) ..............................................16

*L&A Designs v. Xtreme ATVs, Inc.*,
    2012 WL 1532417 (D. Or. April 30, 2012) .............................................................................5

*LaHodny v. 48 Hours, et al.*,
    No. 6:13-cv-02102-TC, 2015 WL 1401676 (D. Or. March 24, 2015) .....................................2

*Levitt v. Yelp! Inc.*,
    765 F.3d 1123 (9th Cir. 2014) ..............................................................................................11

*Levitt v. Yelp! Inc.*,
    Nos. C-10-1321 EMC, C-10-2351 EMC, 2011 WL 5079526 (N.D. Cal., Oct.
    26, 2011), *aff'd on other grds.*, 765 F.3d 1123 (9th Cir. 2014).............................................14

*M.A. ex rel. P.K. v. Village Voice Media Holdings LLC*,
    809 F. Supp. 2d 1041 (E.D. Mo. 2011).................................................................................14

*Makaeff v. Trump Univ.*,
    715 F.3d 254 (9th Cir. 2013) ..................................................................................................2

DWT 28380843v4 0105455-000001
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Makor Issues & Rights, Ltd. v. Tellabs, Inc.*,
  437 F.3d 588 (7th Cir. 2006), *reversed on other grounds, Tellabs,* 551 U.S.
  308...................................................................................................................................8

*Morning Star Packing Co. v. SK Foods LP*,
  754 F. Supp. 2d 1230 (E.D. Cal. 2010)...........................................................................10

*Nemet Chevrolet Ltd., v. ConsumerAffairs.com*,
  591 F.3d 250 (4th Cir. 2009) ...........................................................................................13

*Newcal Industries, Inc. v. Ikon Office Solution*,
  513 F.3d 1038 (9th Cir. 2008) .........................................................................................10

*Rice v. Comtek Mfg. of Or., Inc.*,
  766 F. Supp. 1539 (D. Or. 1990) .....................................................................................12

*Schwern v. Plunkett*,
  No. 3:14-cv-00146-PK, 2014 WL 3361902 (D. Or. July 7, 2014) .......................................1, 2

*Seismic Reservoir 2020, Inc. v. Paulsson*,
  785 F.3d 330 (9th Cir. 2015) ..............................................................................................2

*Smith v. Network Equipment Technologies, Inc.*,
  Nos. C-90-1138 DLJ, C-90-1281 DLJ and C-90-1372 DLJ, 1990 WL 263846
  (N.D. Cal. Oct. 19, 1990)...................................................................................................8

*Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*,
  365 F.3d 353 (5th Cir. 2004) ..............................................................................................8

*Stutzman v. Armstrong*,
  No. 2:13-CV-00116-MCE-KJN, 2013 WL 4853333 (E.D. Cal. Sep. 10, 2013).......................3

*Sybersound Records, Inc. v. UAV Corp.*,
  517 F.3d 1137 (9th Cir. 2008) .........................................................................................10

*Tellabs, Inc., v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)...........................................................................................................7

*United States v. Enmons*,
  410 U.S. 396 (1973)..........................................................................................................11

*Vasquez v. Los Angeles County*,
  487 F.3d 1246 (9th Cir. 2007) ............................................................................................4

*Vineyard v. Soto*,
  No. 10-CV-1481-SI, 2011 WL 5358659 (D. Or. Nov. 7, 2011)...............................................1

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 28380843v4 0105455-000001

*Volm v. Legacy Health System, Inc.*,
    237 F. Supp. 2d 1166 (D. Or. 2002) ...................................................................4, 5

*Voltage Pictures, LLC v. Harwood*,
    No. 3:13-cv-00839-AA, 2014 WL 1874072 (D. Or. May 8, 2014)..........................1

*Warfield v. Gardner*,
    346 F. Supp. 2d 1033 (D. Ariz. 2004) ...................................................................11

*Winer v. Family Trust v. Queen*,
    503 F.3d 319 (3d Cir. 2007)...................................................................................8

*Wool v. Tandem Computers, Inc.*,
    818 F.2d 1433 (9th Cir. 1987) ...............................................................................8

**State Cases**

*Allen v. Hall*,
    328 Or. 276 (1999)................................................................................................6

*Baker v .City of Woodburn*,
    190 Or. App. 445 (2003).....................................................................................3, 4

*Barrett v. Rosenthal*,
    51 Cal. Rptr. 3d. 55 (Cal. Ct. App. 2006) .............................................................13

*Carnemolla v. Walsh*,
    815 A.2d 1251 (Conn. Ct. App. 2003)..................................................................11

*Deer Consumer Prods. Inc. v. Little*,
    32 Misc. 3d 1243(A), 2011 WL 4346674 (N.Y. Sup. Ct. Aug. 31, 2011) ..............14

*Hedrick v. Spear*,
    138 Or. App. 53 (1995)..........................................................................................5

*Hupp v. Freedom Communications, Inc.*,
    193 Cal. Rptr. 3d 919 (Cal. Ct. App. 2013) ..........................................................13

*Investigators, Inc. v. Harvey*,
    53 Or. App. 586 (1981)..........................................................................................4

*Mullen v. Meredith Corp.*,
    271 Or. App. 698 (2015).....................................................................................2, 3

*Navellier v. Sletten*,
    124 Cal. Rptr. 2d. 530 (Cal. Ct. App. 2002) .......................................................2, 3

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*People v. Dioguardi*,
    168 N.E.2d 683 (N.Y. 1960) ............................................................................... 11

*Raudebaugh v. Action Pest Control, Inc.*,
    59 Or. App. 166 (1982) ........................................................................................ 5

*State v. Weinstein*,
    898 P.2d 513 (Ariz. 1995) .................................................................................. 11

*Tamkin v. CBS Broadcasting, Inc.*
    122 Cal. Rptr. 3d 264 (Cal. Ct. App. 2011) ....................................................... 3

**Federal Statutes**

47 U.S.C. § 230(c)(1) ............................................................................... 13, 14, 15

RICO ....................................................................................................... 2, 7, 10, 11

**State Statutes**

ORS 31.150 .................................................................................................... 13

ORS 31.150(2)(c) ............................................................................................. 2

ORS 31.150(3) .................................................................................................. 6

ORS 646.638(1) ................................................................................................ 5

**Rules**

Fed. R. Civ. P. 8 ......................................................................................... 13, 16

Fed. R. Civ. P. 9 ................................................................................................ 16

Fed. R. Civ. P. 12(b)(6) ................................................................................... 2, 4

DWT 28380843v4 0105455-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## MEMORANDUM IN SUPPORT

### Introduction

In its opposition to defendants' Motion to Strike ("Opp."), plaintiff admits that ConsumerAffairs' website provides consumer information that is a matter of public interest, and that defendants have not authored any of the reviews on the website. Plaintiff also admits that it is not a consumer, and that its alleged injuries do not result from any product or service purchased by any consumer from defendants. Plaintiff seeks to contort both the law and the facts in order to squeeze a square set of allegations into the round holes of four torts in which they don't fit. Given the undisputed facts, however, no additional information or discovery is required for this Court to rule that plaintiff fails as a matter of law to provide substantial evidence supporting each element of each of its claims.

## ARGUMENT

### I.    THIS LAWSUIT IS SUBJECT TO A SPECIAL MOTION TO STRIKE UNDER OREGON'S ANTI-SLAPP STATUTE

Plaintiff's contention that Oregon's anti-SLAPP statute should not be applied in federal court conflicts with the holdings of every federal court in Oregon that has considered the question, including this Court. *See Schwern v. Plunkett,* No. 3:14-cv-00146-PK, 2014 WL 3361902, at *7 (D. Or. July 7, 2014); *Voltage Pictures, LLC v. Harwood,* No. 3:13-cv-00839-AA, 2014 WL 1874072, at * 4 (D. Or. May 8, 2014); *Accuardi v. Fredericks,* No. 3:13-cv-01825-ST, 2014 WL 848263, at *1 (D. Or. March 4, 2014); *Vineyard v. Soto,* No. 10-CV-1481-SI, 2011 WL 5358659, at * 2 (D. Or. Nov. 7, 2011); *Englert v. MacDonell,* Civil No. 05-1863-AA, 2006 WL 1310498, at * 5 (D. Or. May 10, 2006); *Gardner v. Martino,* No. CV-05-769-HU, 2005 WL 3465349, at * 3 (D. Or. Sept. 19, 2005); *Higher Balance, LLC v. Quantum Future Group, Inc.,* 2008 WL 5281487, at *2 (D. Or. Dec. 18, 2008); *DuBoff v. Playboy Ent. Intern., Inc.,* Civ. No. 06-358-HA, 2007 WL 1876513, at *6 (D. Or. June 26, 2007). Indeed, faced with the exact argument plaintiff advances here in reliance on Judge Kozinski's concurrence in

Page 1 - DEFENDANTS' ORS 31.150 SPECIAL MOTION TO STRIKE

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Makaeff v. Trump Univ.,* 715 F.3d 254, 273 (9th Cir. 2013), this Court noted that the Ninth Circuit rejected Judge Kozinski's reasoning, and held that "the consistent body of Ninth Circuit decisions" has found "state anti-SLAPP statutes enforceable in federal court." *Schwern,* 2014 WL 3361902, at *7.

In addition, while plaintiff is correct that the anti-SLAPP statute does not apply to federal causes of action like plaintiff's RICO claim, this Court can – and should – dismiss plaintiff's RICO claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See LaHodny v. 48 Hours, et al.*, No. 6:13-cv-02102-TC, 2015 WL 1401676, at *2 (D. Or. March 24, 2015) (treating defendants' special motion to strike as a 12(b)(6) motion and dismissing complaint)*; see also Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (trial court may dismiss claim *sua sponte* under Rule 12(b)(6) where plaintiff has had opportunity to oppose dismissal).

Finally, plaintiff's contention that its first, second, and third causes of action arise out of "conduct," not speech, and thus are not subject to the anti-SLAPP statute is contradicted by its own pleading.  In its Complaint, plaintiff alleges that ConsumerAffairs' has disparaged its "goods, services, and/or business" by making "false or misleading representations of fact," Compl. ¶ 26(b), that have "interfered" with Plaintiff's prospective economic relationships, *id.* ¶ 30, and that constitute a "deceptive publication of facts," *id.* ¶ 36(b)(iii), and a "pattern of racketeering." *Id.* ¶ 37.  Clearly, these allegations arise from statements made in a public forum under ORS 31.150(2)(c).[1]  Moreover, courts have consistently held that allegations of unlawful conduct do not obviate the protections of the anti-SLAPP statute. *See, e.g., Mullen v. Meredith Corp.*, 271 Or. App. 698, 705 (2015) (reversing trial court's improper narrowing of anti-SLAPP protection to conduct plaintiffs found objectionable); *Navellier v. Sletten*, 124 Cal. Rptr. 2d. 530,

---

[1] Plaintiff does not dispute that a website is a public forum under the anti-SLAPP statute. *See* Mem. at 8-9.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax
DWT 28380843v4 0105455-000001

537 (Cal. Ct. App. 2002) (rejecting plaintiff's argument that claims were not subject to anti-SLAPP statute because they arose from fraudulent conduct); *Doe v. Gangland Productions, Inc.,* 730 F.3d 946, 954 (9th Cir. 2013) ("'claimed illegitimacy of the defendant's acts is an issue which the plaintiff must raise *and* support' in the second step of the analysis when the plaintiff bears the burden to show a probability of prevailing.") (quoting *Navellier,* 124 Cal. Rptr. at 541 (emphasis in *Navellier*)).

Even if one could accept plaintiff's contentions that ConsumerAffairs "stifle[s] positive reviews" and deceptively manipulates the "nondisclosure of information" on its website, Opp. at 4, the conduct about which plaintiff complains *clearly* relates to ConsumerAffairs' publishing activity, which invokes the application of the anti-SLAPP statute.  *See Stutzman v. Armstrong*, No. 2:13-CV-00116-MCE-KJN, 2013 WL 4853333, at *7 (E.D.  Cal. Sep. 10, 2013) (alleged fraudulent advertising, marketing, and publicity in connection with publication of book was conduct in furtherance of free speech rights under anti-SLAPP statute); *Mullen,* 271 Or. App. at 704-05 (alleged breach of promise and emotional distress arising from defendant's publication of plaintiff's image was conduct in furtherance of free speech rights under anti-SLAPP statute); *Tamkin v. CBS Broadcasting, Inc.* 122 Cal. Rptr. 3d 264, 271 (Cal. Ct. App. 2011) (alleged improper publication of plaintiffs' names in television script was subject to protections of anti-SLAPP statute).  Thus, the anti-SLAPP statute applies to plaintiff's state law claims.

## II.    PLAINTIFF HAS NOT DEMONSTRATED A PROBABILITY OF SUCCESS ON THE MERITS OF ITS CLAIMS.

Under Oregon's anti-SLAPP statute, a plaintiff must present "substantial evidence to support a prima facie case."  *Gardner*, 2005 WL 3465349 at *8.  "Substantial evidence" does not mean "any evidence or some evidence."  *Baker v .City of Woodburn,* 190 Or. App. 445, 455 (2003).  Rather, "[t]here is substantial evidence to support a finding when, viewing the record as

DWT 28380843v4 0105455-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

a whole, a reasonable person could make the finding." *Id.* at 456.[2]  Here, plaintiff has failed to present substantial evidence to support its claims because those claims fail as a matter of law, and/or are based on speculation without factual support.  Therefore, its complaint should be dismissed.

> ### A.    Plaintiff has failed to present substantial evidence to support its claim for unlawful trade practices.

Plaintiff admits that it is not a "consumer" under Oregon's Unlawful Trade Practices Act. Opp. at 9.  Yet plaintiff argues that because it and ConsumerAffairs both provide goods and services to consumers – although not the same goods and services – it has demonstrated a prima facie claim for violations of the UTPA.  Opp. at 7-8.  Not only is plaintiff's argument at odds with the decision of every court in this district that has held the UTPA provides a cause of action only to consumers, not to complaining businesses, *see* Mem. at 12, it flies in the face of Oregon state court decisions and the statute's legislative history that confirm the UTPA "applies only to consumer transactions …." *Investigators, Inc. v. Harvey,* 53 Or. App. 586, 590, (1981).  Indeed, in *Volm v. Legacy Health System, Inc.,* 237 F. Supp. 2d 1166 (D. Or. 2002), plaintiff advanced the same argument plaintiff does here.  The court initially ruled that the UTPA provided a cause of action for businesses because "[t]he act's primary purpose of consumer protection is apparently fulfilled by reducing incorrect information which may confuse the decisions of consumers when they choose a vendor or service provider."  237 F. Supp. 2d at 1175 (internal quotation marks omitted).  After Magistrate Judge Stewart's decision in *CollegeNET, Inc. v. Embark.Com, Inc.,* 230 F. Supp. 2d 1167 (D. Or. 2001), however, the court reversed its earlier

---

[2] Under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court must accept as true a complaint's well-pleaded factual allegations for 12(b)(6) purposes, the Ninth Circuit has consistently emphasized that conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

ruling and dismissed plaintiff's claim because plaintiff was not a consumer of defendant's products or services.  237 F. Supp. 2d at 1175.  The court noted that "Judge Janice Stewart recently reviewed the case law and legislative history of the UTPA in *CollegeNET*," and that based on her "lengthy analysis, I change my earlier position and adopt her reasoning."  *Id.  See also L&A Designs v. Xtreme ATVs, Inc.,* 2012 WL 1532417, at *3-4 (D. Or. April 30, 2012) (finding "no reason to depart from the well-reasoned opinions of my colleagues.  In particular, Magistrate Judge Stewart delved carefully into the legislative history of the UTPA and concluded that the UTPA is limited to consumer actions.").

Moreover, plaintiff has not alleged, and cannot allege, that it suffered any financial loss *as a consumer* as required under ORS 646.638(1).  Rather, plaintiff's claims arise from alleged injuries to its business in the form of lost sales and profits.  Compl. ¶ 28 (incorporating the allegations in Compl. ¶ 24).  Because the UTPA grants standing only to consumers who are injured by alleged deceptive trade practices, plaintiff may not assert this claim.  *See Allegro Corp. v. Only New Age Music, Inc.,* No. Civ. 01-790-HU, 2003 WL 23571745, at *16 (D. Or. Jan. 23, 2003) (dismissing UTPA claim where plaintiff made no showing that *as a consumer* she lost money as a result of Allegro's conduct); *Hedrick v. Spear,* 138 Or. App. 53, 57-58 (1995) (reversing jury verdict on UTPA claim where claimant's alleged damages did not arise from purchase of service); *Raudebaugh v. Action Pest Control, Inc.,* 59 Or. App. 166, 171 (1982) (holding that UTPA provides remedy to consumer who has suffered a loss as a result of defendant's actions). Therefore, for these reasons, plaintiff's UTPA claim should be stricken.

**B.  Plaintiff has failed to present substantial evidence to support its claim for intentional interference with prospective economic relations.**

Plaintiff acknowledges that it knows of no third party with whom it had a business relationship or expectancy that was interfered with by ConsumerAffairs.  Instead, it argues that it had a "'reasonable probability of a business opportunity' with between 1.69% - 2.32% of consumers specifically seeking to make contact with Consumer Cellular."  Opp. at 11.

Page 5 - DEFENDANTS' ORS 31.150 SPECIAL MOTION TO STRIKE

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Unfortunately for plaintiff, a "reasonable probability" of a business opportunity with a statistical sliver of an unidentified population does not satisfy its burden of presenting "substantial evidence to support a prima facie case." ORS 31.150(3). In the first place, plaintiff's statistical speculation is not evidence at all, but extrapolations based on unverified assumptions about plaintiff's "click through" conversion rate. *See* Marick Decl. ¶ 9(a) (claiming that plaintiff's "monthly sales click conversion rates" vary from 1.69% to 2.32%). These numbers, even if valid, do not identify specific consumers and, more importantly, do not identify *anyone* with whom plaintiff had an existing business relationship or expectancy that was allegedly interfered with by ConsumerAffairs, which is required by the tort. *FLIR Systems, Inc. v. Sierra Media, Inc.,* 2011 WL 1832806, at *6 (D. Or. May 10, 2011) (interference tort requires an existing relationship between plaintiff and identified third parties (citing *Oregon Life and Health Ins. Guar. Ass'n v. Inter-Regional Financial Group, Inc.,* 156 Or. App. 485, 498 (1998)).

The fundamental flaw in plaintiff's logic is best demonstrated by the facts of the case on which it relies, *Allen v. Hall,* 328 Or. 276 (1999). In *Allen,* the relatives of a decedent claimed that defendants had prevented the decedent from changing his will in the days before his death in order to prevent them from inheriting his estate. As the court noted in *FLIR Systems, Inc.*:

> *Allen* does not, however, extend the first element of a claim for intentional interference to a relationship that might just happen with just anyone. Rather, Allen concerns a testator who wished to leave his assets to specific plaintiffs, directed a draft document to be prepared indicating as much, met with his attorney and instructed him to carry out his wishes, and then was blocked from completing his wishes by a third party. These facts show parties *who evidenced an intent to enter into a specific ... relationship ....*

2011 WL 1832806 at *5 (emphasis added). *See also Kadyk v. Long,* No. 3:11-cv-01312-AC, 2013 WL 2550742, at *9 (D. Or. June 5, 2013) (noting that *Allen* involved specific allegations of a prospective inheritance, and dismissing prospective advantage claim based on future, unidentified opportunities).

Page 6 - DEFENDANTS' ORS 31.150 SPECIAL MOTION TO STRIKE

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 28380843v4 0105455-000001

Thus, in *FLIR,* the court dismissed plaintiff's interference claim because of the lack of evidence that plaintiff "had any sort of business relationship" with specific customers prior to the alleged acts of interference.  2011 WL 1832806 at *7-*8.  Here, plaintiff's failure to present *any* evidence about the identity of specific customers with whom it had any *existing* relationship is fatal to its claim.

**C.    Plaintiff has failed to state a claim for RICO violations.**

In its Opposition plaintiff fails to establish that defendants operated a RICO enterprise, through a pattern of racketeering activity, that proximately caused its injuries, through the predicate acts of fraud and extortion.  For each of these independent reasons, therefore, plaintiff's RICO claim should be dismissed.

**1.    Plaintiff has not established that defendants conducted a RICO enterprise.**

Plaintiff does not dispute that to state a RICO claim involving multiple defendants, a plaintiff must allege facts demonstrating that each of the defendants conducted or participated in an enterprise through a pattern of racketeering activity.  *See* Mem. at 14.  With the exception of its jurisdictional statement, however, plaintiff makes only two specific references to defendants Consumers Unified, LLC, and David Carman in its Complaint.  *See* Complaint ¶¶ 10, 11, 34. Elsewhere, plaintiff simply lumps all defendants together, or limits its allegations to defendant ConsumerAffairs.com.  As defendants have demonstrated, plaintiff fails to identify *which* of the defendants, took *which* actions or made *which* statements, on *which date*, that proximately caused damages to plaintiff.  Mem. at 15-16.

In an attempt to overcome this deficiency, plaintiff relies on the "group pleading doctrine," whose continued viability has been questioned following the enactment of the Private Securities Reform Litigation Act, *see Tellabs, Inc., v. Makor Issues & Rights, Ltd.,* 551 U.S. 308,

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

325 n.6 (2007),[3] and which is limited to "cases of corporate fraud where the false or misleading information is conveyed in prospectuses, registration statements, annual reports, press releases, or other 'group-published information.'" *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1440 (9th Cir. 1987). The rationale for the doctrine is that "[f]acts about fraud flowing from the internal operation of a corporation are peculiarly – and often exclusively – within the control of the corporate insiders who manage the parts of the corporation involved in the fraud." *Smith v. Network Equipment Technologies, Inc.,* Nos. C-90-1138 DLJ, C-90-1281 DLJ and C-90-1372 DLJ, 1990 WL 263846, at *4 (N.D. Cal. Oct. 19, 1990). *See also Wool,* 818 F.2d at 1440 (applying doctrine to "narrowly defined group of [corporate] officers" with direct involvement in the company's affairs and in its "financial statements in particular."). Plaintiff cites no cases where the doctrine has been applied outside the corporate / securities context, and defendants are aware of none. This court should decline the invitation to create new law by applying the group pleading doctrine to alleged fraudulent acts that have nothing to do with the internal financial management of a corporation.

In addition, even if the group pleading doctrine were still good law, plaintiff fails to satisfy its relaxed pleading standard. Plaintiff has not – and cannot – demonstrate that defendant Consumers Unified, LLC, is an officer or director of defendant ConsumerAffairs.com, Inc., which is required under the doctrine. *See Akers v. U.S.,* No. Civ. 01-1348-HU, 2002 WL 32512845, at *4 (D. Or. April 3, 2002) (dismissing fraud claim against separate corporate entities, "who may or may not have been directly involved in each other's day to day affairs."). Indeed, plaintiff's only specific substantive allegation against Consumers Unified is that it is identified as the contracting party on ConsumerAffairs' form Accreditation Agreement. Compl.

---

[3] The Third, Fifth, and Seventh Circuit have rejected the doctrine. *See Winer v. Family Trust v. Queen,* 503 F.3d 319, 337 (3d Cir. 2007): *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 365 (5th Cir. 2004); *Makor Issues & Rights, Ltd. v. Tellabs, Inc.,* 437 F.3d 588, 602-03 (7th Cir. 2006), *reversed on other grounds, Tellabs,* 551 U.S. 308. The Ninth Circuit has not specifically addressed its continued viability.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main • (503) 778-5299 fax

¶ 10.  In addition, while Carman is an officer of ConsumerAffairs.com, Inc., plaintiff does not present any admissible evidence about his "day to day" control over its affairs, and alleges only that he "uses" Consumers Unified to contract with businesses that pay to become Accredited Members of ConsumerAffairs.com.[4]  *Id.* ¶ 3.  This is insufficient to warrant the application of the group pleading doctrine.  *See In re Quarterdeck Office Systems, Inc., Securities Litigation,* 854 F. Supp. 1466, 1475 (C.D. Cal. 1994) (dismissing fraud claim against corporate officers under group pleading doctrine where plaintiff failed to establish defendants had day-to-day control over alleged fraudulent entities).

### 2.    Plaintiff has not demonstrated a "pattern" of racketeering activity.

Plaintiff also fails to demonstrate anything more than an alleged "scheme" to induce it to sign a contract, which does not satisfy RICO's "pattern" requirement.  *See* Mem. at 16-17. Plaintiff attempts to overcome this failure by alleging that the "web of deception of *online consumers* continues daily unabated," Opp. at 22, yet plaintiff fails to identify any of these alleged "victims," which is fatal to its claim.  Mem. at 17.

### 3.    Plaintiff has not established the existence of any injuries proximately caused by defendants' actions.

In addition to failing to identify any alleged fraudulent statements made by any of the defendants, plaintiff has failed to demonstrate that its alleged injuries were proximately caused by defendants' actions.  None of the cases relied upon by plaintiff provide support for the proposition that a plaintiff may bring a fraud claim for injuries suffered by third parties.  In *Bridge v. Phoenix Bond & Indemnity Co.,* 553 U.S. 639, 648 (2008), the question before the Supreme Court was not whether plaintiff was *injured* by defendants' actions, but whether

---

[4] Plaintiff's contention that, "On public news information and belief, Carman established a new business model when he acquired the business, designed to try to convince brands included in its review pages to pay lucrative fees to become accredited members entitled to exclusive ConsumerAffairs ratings-related treatment and ratings image transformation services," is both inadmissible hearsay and conclusory pleading prohibited by *Iqbal.*

Page 9 - DEFENDANTS' ORS 31.150 SPECIAL MOTION TO STRIKE

plaintiff was required to demonstrate that it *relied* on defendants' alleged misrepresentations. And, in *Newcal Industries, Inc. v. Ikon Office Solution,* 513 F.3d 1038, 1055 (9th Cir. 2008), the Ninth Circuit reversed and remanded plaintiff's claim for a determination under recently overturned precedent as to *whether*, in fact, plaintiff had suffered injury.[5]   In contrast, the law is clear that when plaintiff's alleged injuries do not flow directly from the alleged violation, it may not assert a RICO claim.  *See Morning Star Packing Co. v. SK Foods LP,* 754 F. Supp. 2d 1230, 1237 (E.D. Cal. 2010) ("The central question for evaluating proximate cause under a RICO claim is whether the alleged violation led directly to the harm suffered.") (citing *Anza v. Ideal Supply Corp.,* 547 U.S. 451, 461 (2006)).

The Ninth Circuit previously rejected the type of damages plaintiff seeks here in *Sybersound Records, Inc. v. UAV Corp.,* 517 F.3d 1137 (9th Cir. 2008).  In *Sybersound,* plaintiff alleged that it had lost business and customers as a result of defendant's racketeering activities. The Ninth Circuit, however, affirmed the dismissal of plaintiff's RICO claim for failure to establish proximate causation.  To ascertain damages, the court held, would require "a speculative and complicated analysis to determine what percentage of Sybersound's decreased sales, if any, were attributable to" the claimed violation rather than to other, legitimate, causes. 517 F.3d at 1148.  Proximate causation "'is meant to prevent these types of intricate, uncertain inquiries from overrunning RICO litigation.'"  *Id.* at 1148 (quoting *Anza,* 547 U.S. at 460).  *See also Cascade Yarns Inc. v. Knitting Fever, Inc.,* No. C10-861RSM, 2012 WL 2565067, at *3 (W.D. Wash. June 29, 2012) (alleged fraudulent acts directed at consumers that damaged plaintiff's business by causing lost sales did not satisfy RICO's proximate cause requirement); *Morning Star Packing,* 754 F. Supp. 2d at 1237 (plaintiff's alleged inability to compete for contracts and loss of customers was too speculative to satisfy RICO's proximate cause

---

[5] While plaintiff is correct that "first party reliance is not an element of the RICO claim," Opp. at 18, a plaintiff must still establish that it has been injured as a direct result of defendant's actions.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

requirement).  Similarly, here, plaintiff's damage claims are based on "'a reasonable probability of a business opportunity' with between 1.69% - 2.32% of consumers ... steering not less than '$7,200 a month in customer life revenue' ... converting 18,000 unique inquiries into Consumer Cellular's products".  Opp. at 12.  Because these claims are highly speculative, and are not directly caused by defendants' alleged actions, plaintiff has failed to demonstrate proximate causation and its RICO claim should be dismissed.

### 4.    Plaintiff has not demonstrated the defendants' actions constitute extortion.

While plaintiff is correct that the extortion statutes of Oregon and California are not identical, Opp. at 19, under either state's law the threat of economic harm to obtain property is not considered extortion where the alleged extortioner has a legitimate claim to the property. *United States v. Enmons,* 410 U.S. 396, 400 (1973).  Indeed, every state statute cited by plaintiff includes a "claim-of-right" defense, requiring a plaintiff (or the state) to demonstrate the wrongfulness of defendant's conduct in order to satisfy the elements of extortion.  *See, e.g., Carnemolla v. Walsh,* 815 A.2d 1251, 1259 (Conn. Ct. App. 2003) (extortion requires wrongful threat); *People v. Dioguardi,* 168 N.E.2d 683, 688 (N.Y. 1960) ("The essence of the crime [of extortion] is obtaining property by a *wrongful* use of fear, induced by a threat to do an *unlawful injury.*") (emphasis added); *Warfield v. Gardner,* 346 F. Supp. 2d 1033, 1050 (D. Ariz. 2004) (demand for monthly consulting fee where no consulting services were provided under threat of economic damage was extortion).  Indeed, Arizona's extortion statute, cited by plaintiff, was found to be unconstitutionally overbroad because it turned "threats common in every day business and personal interactions" into crimes.  *State v. Weinstein,* 898 P.2d 513, 515-16 (Ariz. 1995).  Here, plaintiff has no right to have positive reviews appear on ConsumerAffairs' website, and it is not "independently wrongful" for ConsumerAffairs "to post and arrange actual user reviews on its website as it sees fit." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134 (9th Cir. 2014). Therefore, plaintiff has failed to demonstrate that defendants' action constitute extortion.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**D.      Plaintiff has failed to present substantial evidence to support its claim for defamation.**

Plaintiff argues broadly that its claims arise from defendants' "presentation" of the reviews that were submitted by consumers.  Opp. at 27.  As an initial matter, however, plaintiff has failed to even set forth, *in haec verba,* the actual words it claims are defamatory.  On this basis, alone, its defamation claim should be dismissed.  *See Rice v. Comtek Mfg. of Or., Inc.*, 766 F. Supp. 1539, 1541 (D. Or. 1990) ("[a]n allegation of defamation is subject to dismissal if it fails to set out the actual words published."); *accord Ault v. Hustler Magazine, et al.,* No. 86-381-FR, 1986 WL 20896, at *6 (D. Or. Oct. 20, 1986), *aff'd* 860 F.2d 877 (9th Cir. 1988) (holding that plaintiff's complaint failed to state a claim where plaintiff did not plead the actual statements alleged to be defamatory, but instead generalized that "the article portrays [plaintiff] as mentally deficient ").  Without such pleading, it is impossible for defendants to properly respond to a complaint or for a court to evaluate it.  *See Rice,* 766 F. Supp. at 1541.  This deficiency is noteworthy here because plaintiff has not identified a single factual statement published by defendants it claims is false.  Instead, plaintiff alleges generally that it was "presented as receiving predominantly negative reviews."  Opp. at 24.  As proof, it submits a declaration from its CEO that a "Consumer Cellular customer by the name of Joe Monahan reached out by email on his own to Consumer Cellular to offer the Consumer team a pat on the back" and, when asked if he would be willing to submit a review, "responded that 'I did send a very positive feedback to Consumer.'"  Marrick Decl. ¶ 7.  Not only is this statement inadmissible hearsay, the alleged email from the customer does not even indicate the nature of the "positive feedback" he provided.  Marrick Ex. 2.

In addition, plaintiff speculates that because Mr. Monahan's "positive" review was not published, "it has good reason to believe other legitimate positive reviews have been submitted to ConsumerAffairs.com about Consumer Cellular but have been excluded from posting by ConsumerAffairs.com," Marrick Decl. ¶ 7.  Elsewhere, plaintiff speculates that because its reviews on ConsumerAffairs' website "stand in sharp contrast to the reviews of Plaintiff

Page 12 - DEFENDANTS' ORS 31.150 SPECIAL MOTION TO STRIKE

everywhere else," this "indicates that Defendants took actions to artificially drive down Plaintiff's overall ratings."  Opp. at 24-25.  But it is exactly this type of speculative pleading – "bare assertions 'devoid of further factual enhancement'" – that is prohibited by the Supreme Court's decision in *Iqbal.  See Nemet Chevrolet Ltd., v. ConsumerAffairs.com,* 591 F.3d 250, 260 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  Indeed, in *Nemet,* plaintiff alleged that ConsumerAffairs fabricated negative reviews of its business because it had an excellent professional reputation and none of the complaints at issue had been reported to the Department of Consumer Affairs.  The Fourth Circuit rejected this argument, holding:  "That Nemet may have an overall excellent professional reputation, earned in part from a paucity of complaints reported to New York City's Department of Consumer Affairs, does not allow us to reasonably infer that the particular instances of consumer dissatisfaction alleged on Consumeraffairs.com's website are false."  591 F.3d at 259.  The court also rejected plaintiff's request for discovery, holding that "Rule 8 requires 'more than conclusions' to 'unlock the doors of discovery for a plaintiff.'"  *Id.* (quoting *Iqbal,* 556 U.S. at 678).

        In addition, even if plaintiff could establish a claim for defamation, which it cannot, that claim would be barred by the immunity conferred by Section 230 of the Communications Decency Act.  47 U.S.C. § 230(c)(1).  Plaintiff's contention that "no Oregon court has ever granted a motion brought under ORS 31.150 on the basis that an affirmative defense such as privilege or immunity applies," Opp. at 28, is both duplicitous and incorrect.  In *Higher Balance,* the district court specifically struck plaintiff's defamation claim under Section 230.  *Higher Balance,* 2008 WL 5281487 at *2, *7-*9.  Courts in California, applying the analogous California anti-SLAPP statute, have also struck claims under Section 230.  *See, e.g., Hupp v. Freedom Communications, Inc.,* 193 Cal. Rptr. 3d 919, 924 (Cal. Ct. App. 2013); *Barrett v. Rosenthal,* 51 Cal. Rptr. 3d 55, 77-78 (Cal. Ct. App. 2006).  Indeed, given the statute's purpose to "'protect[] individuals from meritless, harassing lawsuits whose purpose is to chill protected expression,'" *Gardner,* 2005 WL 3465349 at *2 (quoting *Metabolife Int'l, Inc. v. Wornick,* 264

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main ∙ (503) 778-5299 fax

F.3d 832, 837 n.7 (9th Cir. 2001)), plaintiff's contention that the immunity conferred by Section
230 sets too high a bar ignores the numerous cases from across the country that have dismissed a
wide variety of claims prior to discovery under Section 230. *See* Mem. at 22-23.[6]

Plaintiff does not contend that any of the reviews that appear on ConsumerAffairs'
website were created by anyone other than third parties. Nor does plaintiff allege that any
review was edited by defendants. Rather, plaintiff claims that defendants' "presentation and
filtering" of reviews defamed it. Opp. at 29. According to plaintiff, while it "enjoyed relatively
positive reviews on every other consumer review site, Plaintiff was presented as having received
primarily negative reviews on Defendants' website." *Id.* at 30. But this is exactly the type of
"editorial discretion" that Congress specifically decided to protect when enacting Section 230.
*See* Mem. at 22-23. Without such protection, a website might "resist filtering out
false/unreliable reviews (as someone could claim an improper motive for its decision), or []
immediately remove all negative reviews about which businesses complained (as failure to do so
could expose [defendant] to a business's claim that [defendant] was strong-arming the business
for advertising money). *Levitt v. Yelp! Inc.*, Nos. C-10-1321 EMC, C-10-2351 EMC, 2011 WL
5079526, at *7-9 (N.D. Cal., Oct. 26, 2011), *aff'd on other grds.*, 765 F.3d 1123 (9th Cir. 2014).

---

[6] *See also, e.g.*, *Black v. Google Inc.*, No. 10-02381 CW, 2010 WL 3222147, at *3 (N.D.
Cal. Aug. 13, 2010) (Section 230 defeated various claims arising from Google's source code,
which enabled third party comment), *aff'd*, 457 F. App'x 622 (9th Cir. 2011); *Doe v. MySpace,
Inc.*, 474 F. Supp. 2d 843, 849-50 (W.D. Tex. 2007) (Section 230 defeated claim for negligence
arising from sexual assault of user), *aff'd*, 528 F.3d 413 (5th Cir. 2008); *M.A. ex rel. P.K. v.
Village Voice Media Holdings LLC*, 809 F. Supp. 2d 1041, 1058 (E.D. Mo. 2011) (Section 230
defeated civil claim for aiding and abetting child pornography arising from user's advertising a
14-year-old for prostitution in "adult" section of website); *Dart v. Craigslist*, 665 F. Supp. 2d
961, 968-69 (N.D. Ill. 2009) (Section 230 defeated sheriff's suit claiming Craigslist's
"erotic/adult services" section constituted public nuisance and facilitated prostitution); *Deer
Consumer Prods. Inc. v. Little*, 32 Misc. 3d 1243(A), 2011 WL 4346674, at *7 (N.Y. Sup. Ct.
Aug. 31, 2011) (Section 230 defeated claims arising from articles posted by third party to
defendant's website that linked to allegedly defamatory articles, written by same contributor, that
were posted at another website).

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Instructive on this point is the Ninth Circuit's decision in *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009).  In *Barnes,* plaintiff's ex-boyfriend allegedly created and posted a false profile about her.  After Yahoo allegedly promised to remove the post but failed to do so, she sued Yahoo for "negligent undertaking" and for promissory estoppel.  570 F.3d at 1099.  The trial court dismissed plaintiff's negligent undertaking claim, and the Ninth Circuit affirmed.  It rejected plaintiff's argument that Yahoo was not entitled to Section 230 immunity because she had sued Yahoo for its conduct in failing to act, rather than for its publishing activities.  570 F.3d at 1103-04.  The court held that plaintiff could not "escape section 230(c) by labeling as a 'negligent undertaking' an action that is quintessentially that of a publisher."  *Id.* at 1103.

> [R]emoving content is something publishers do, and to impose liability on the basis of such conduct necessarily involves treating the liable party as a publisher of the content it failed to remove. … It is because such conduct is *publishing conduct* that we have insisted that section 230 protects from liability "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online."

*Id.* (quoting *Fair Housing Council of San Fernando Valley v. Roommates.com,* 521 F.3d 1157, 1170-71 (9th Cir. 2008)) (internal citation omitted).  Essential to the court's decision was the fact that although plaintiff labeled her claim "negligent undertaking," it was in essence a defamation claim, "one of the elements of which is publication, which strongly confirms our view that section 230(c)(1) bars this lawsuit."  *Barnes,* 570 F.3d at 1103.

Similarly, plaintiff here seeks to hold defendants liable for defamation – not for reviews or other content written by them – but for content they have allegedly removed or failed to publish in the first place.  Because this is activity that is "quintessentially that of a publisher," *id.*, plaintiff's defamation claim is barred by Section 230.

### E.     Plaintiff has failed to establish defendant Carman's liability for any claims.

Plaintiff has alleged exactly two facts specifically related to defendant David Carman: He is the Managing Director of Consumers Unified, LLC and the President of ConsumerAffairs.com.  Carman Decl. ¶ 1; Compl. ¶ 3.  The scant remaining allegations

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax
DWT 28380843v4 0105455-000001

concerning Carman's "acquisition" of ConsumerAffairs.com, and his creation of a "new business scheme," come from a newspaper article, which is inadmissible hearsay. *Kesey, LLC v. Francis*, No. CV 06-540-AC, 2009 WL 909530, at *28 (D. Or. April 3, 2009) (citing *Larez v. City of Los Angeles*, 946 F.2d 630, 643 (9th Cir. 1991)). There is absolutely no admissible evidence that Carman has "directed or participated" in any tortious conduct, and plaintiff points to none. In addition, as argued above and in defendants' opening memorandum of law, plaintiff has failed to adequately satisfy federal pleading standards under Rules 8 and 9 of the Federal Rules of Civil Procedure. Therefore, the claims against defendant Carman should be stricken.

## CONCLUSION

For all the foregoing reasons, as well as those set forth in their opening memorandum of law, defendants respectfully request that the Court grant their special motion to strike the first, second and fourth causes of action in the Complaint, dismiss the third cause of action for failure to state a claim, and award to defendants their costs and attorneys' fees.

DATED this 20th day of November, 2015.

**DAVIS WRIGHT TREMAINE LLP**


By  s/ Duane A. Bosworth
DUANE A. BOSWORTH, OSB #825077
duanebosworth@dwt.com
TIM CUNNINGHAM, OSB #100906
timcunningham@dwt.com
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Of Counsel:

CAMERON STRACHER (admitted pro hac vice)
cam@stracherlaw.com
4 New York Plaza, 2d Floor
New York, NY 10004
Telephone:  (212) 743-6513
Facsimile:  (646) 810-3089

Attorneys for Defendants

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax
DWT 28380843v4 0105455-000001