DUANE A. BOSWORTH, OSB #825077
duanebosworth@dwt.com
TIM CUNNINGHAM, OSB #100906
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

CAMERON STRACHER (admitted pro hac vice)
cam@stracherlaw.com
4 New York Plaza, 2d Floor
New York, NY 10004
Telephone:  (212) 743-6513
Facsimile:  (646) 810-3089

    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| CONSUMER CELLULAR, INCORPORATED, an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CONSUMERAFFAIRS.COM, INC., a Nevada corporation; CONSUMERS UNIFIED, LLC, a Nevada limited liability company; and DAVID ZACHARY CARMAN,<br><br>    Defendants. | Case No. 3:15-cv-01908-PK<br><br>**RESPONSE AND OBJECTIONS TO PLAINTIFF'S "NOTICE OF ADDITIONAL LEGAL AUTHORITIES"** |

    Defendant objects to plaintiff's "Notice of Additional Legal Authorities."  That "Notice" is an attempted end run around LR 7-1(e), which provides for a response and reply but under Section (3) states:  "Unless directed by the court, no further briefing is allowed."  While

Page 1 – RESPONSE AND OBJECTIONS TO PLAINTIFF'S "NOTICE OF ADDITIONAL LEGAL AUTHORITIES"

DWT 28555265v1 0105455-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

plaintiff's "Notice" is not accompanied by text, it nevertheless attempts further briefing, as discussed below, with citations containing highlighted portions attempting to shore up existing arguments on the one hand and serving as a basis for wholly new arguments – not stated in either plaintiff's complaint or its Response – on the other.

It should be noted that plaintiff does not provide "new authority" in the sense that it seeks to make known to the Court decisions, treatises, or other authorities that have arisen only since defendant filed its Response.  Everything that plaintiff would now add was easily available to plaintiff at the time of its Response.

With regard to all of the authorities cited in "Exhibit 1" plaintiff simply reiterates arguments already made.  Those authorities repeatedly state that the tort of intentional interference with perspective economic advantage arises when a defendant "induces a third party not to enter into or not continue a business relationship with the plaintiff."  Plaintiff has made its argument in its Response concerning that issue.  (For the record, none of plaintiff's citations address the actual issue before the Court, which is whether plaintiff has provided substantial evidence *identifying* any consumer with which plaintiff had an existing business relationship.)

Similarly, plaintiff attempts to add strength to its existing argument in the authorities cited in "Exhibit 2" by further explaining what it deems the relaxed requirements of pleading fraud in a RICO matter, subject to the pleading requirements of Rule 9(b).  Plaintiff attempts to provide additional authorities regarding the pleading of "corporate fraud" to shore up an argument already made in its Response, with authorities all easily available to plaintiff at the time of that Response.

With regard to the authorities listed in "Exhibit 3," on the other hand, plaintiff is clearly attempting to set the stage for a new theory of liability never stated in plaintiff's complaint or in its Response.  The authorities plaintiff would add concern "defamation by implication," something never raised by plaintiff before.  This poses two enormous problems.  First, defendant has no idea what implication or implications plaintiff has in mind.  Plaintiff is not free at this

Page 2 – RESPONSE AND OBJECTIONS TO PLAINTIFF'S "NOTICE OF ADDITIONAL LEGAL AUTHORITIES"

DWT 28555265v1 0105455-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

juncture to surreptitiously amend its complaint by introducing some still at this time unknown implication.  Second, it is well-established Oregon law that the connection between any implication plaintiff would urge and any alleged defamatory statement may not be "tenuous." *See*, *e.g.*, *King v. Menolascino,* 276 Or. 501, 504 (1976).  Plaintiff's wholly new argument about defamation by implication presents the insurmountable problem that not only has plaintiff not identified the content of any such implication but, as defendant has previously pointed out, plaintiff has not even identified, *in haec verba*, any alleged defamatory statement.  Defamation is not a matter of gestalt.  Neither this Court nor defendant can identify exactly what plaintiff claims is a statement made by defendant that is false and defamatory; plaintiff's *sole* allegation is that a defamatory statement or statements can be found somewhere in "paragraphs 1-24 above" of its complaint.  From this lack of *in haec verba*, it is further impossible for the Court to decide whether any "implication" is tenuous, even more so when the content of any such implication has not been identified.  Defendant objects to the addition of the authorities contained in "Exhibit 3" and to this attempt to introduce a new theory into this matter.

Finally, with regard to "Exhibit 4," defendant is simply at a loss as to what argument plaintiff intends from the highlighted portion of the decision cited.  Clearly this highlighted portion is intended to further some argument, but plaintiff would have defendant await oral argument before knowing what that argument is.  Defendant objects to this additional authority.

Although plaintiff attempts to denominate its belated filing a "Notice," it clearly serves as the basis for both additional and new argument.  As has been established, a surreply disguised as another type of filing will nevertheless be considered a surreply.  *Numrich v. Qwest Corp.*, No. 3:14-CV-01864-BR, 2015 WL 1883917 at *2 (D. Or. April 23, 2015).  As is also clear, "surreplies are disfavored and the party seeking to submit one has to demonstrate a compelling reason for permitting the additional filing and such requests are routinely disallowed when that burden is not met."  *Raybould v. JPMorgan Chase Bank, N.A.*, No. 6:13-CV-1966-TC, 2014 WL 7146962 at *1 n.3 (D. Or. Dec. 11, 2014).

Page 3 – RESPONSE AND OBJECTIONS TO PLAINTIFF'S "NOTICE OF ADDITIONAL LEGAL AUTHORITIES"

DWT 28555265v1 0105455-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Although the entirety of plaintiff's submission is improper, arguments deriving from Exhibits 3 and 4 pose problems that should not be tolerated.  Defendant asks for a remedy for those problems, either in the form this Court has ordered in *Morris v. Zusman*, 857 F. Supp. 2d 1082, 1093 (D. Or. 2012) (declining to consider substantive legal argument advanced in a surreply), or in another equitable solution.

DATED this 15th day of December, 2015.

**DAVIS WRIGHT TREMAINE LLP**

By  s/ Duane A. Bosworth
DUANE A. BOSWORTH, OSB #825077
duanebosworth@dwt.com
TIM CUNNINGHAM, OSB #100906
timcunningham@dwt.com
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Of Counsel:

CAMERON STRACHER (admitted pro hac vice)
cam@stracherlaw.com
4 New York Plaza, 2d Floor
New York, NY 10004
Telephone:  (212) 743-6513
Facsimile:  (646) 810-3089

Attorneys for Defendants

Page 4 – RESPONSE AND OBJECTIONS TO PLAINTIFF'S "NOTICE OF ADDITIONAL LEGAL AUTHORITIES"

DWT 28555265v1 0105455-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax